A. J. KIVETT v. G. W. WYNNE & CO.

*Excusable Neglect—Section* 133.

The defendant employed an attorney to appear for him in a case, but he died about three weeks before the return term of the court; he had filled several public offices, and his death was announced generally in the newspapers; the defendant did not attend at the return term or employ counsel; judgment by default was taken, and of which he was informed; he then pro-

posed a compromise of the claim, but gave the matter no further attention; he failed to attend the next term of the court, when a final judgment was rendered; and, after execution was issued, he moved to set the judgment aside upon the ground of excusable neglect; *Held,* that he is not entitled to relief.

(*Thomas* v. *Womack,* 64 N. C., 657; *Griel* v. *Vernon,* 65 N. C., 76; *Deal* v. *Palmer,* 68 N. C., 215, cited and approved).

MOTION to set aside a judgment upon the ground of excusable neglect, under section 133 of the Code, heard at Fall Term, 1882, of HARNETT Superior Court, before *Shipp, J.*

The following facts were found by the court: A summons in the case was issued on the 26th of December, 1879, returnable on the third Monday in February, 1880, and served on defendants on the 15th of January, 1880, at which time the defendants applied to Thos. C. Fuller, a gentleman of the bar, living in the city of Raleigh, where the defendants also lived, and desired to employ him to act as their attorney. They were then informed by Mr. Fuller that he did not practice regularly in the courts of Harnett; and he suggested to them that he would write to Neill McKay, who lived in the county of Harnett and was a practicing attorney there, and procure his services. Mr. Fuller did write to Mr. McKay in regard to the matter, and he agreed to act for the defendants as their attorney. Mr. McKay was a well known gentleman in the state, and previous to this time had filled several public offices. About three weeks before Harnett court, Mr. McKay died, and his death was announced generally in the newspapers.

The city of Raleigh, where the defendants reside, is not more than thirty-five miles from Lillington, the county-seat of Harnett.

At the return term the defendants did not attend in person, or appear by attorney, and a judgment by default was taken against them. After being informed of this fact, they proposed to compromise the claim sued upon, but paid no attention to the matter. They did not attend court at the next term, when final

judgment was rendered; nor employ counsel to look after their interests; nor apply for any relief or propose to set aside the judgment, until after execution was issued.

Upon this finding of fact, His Honor held that the defendants were not entitled to have the judgment set aside, and from this ruling they appealed.

*Mr. W. E. Murchison,* for plaintiff.
*Mr. W. A. Guthrie,* for defendants.

ASHE, J. Notwithstanding the 133d section of the Code, upon which the defendants' motion is based, provides that the judge may *in his discretion* relieve a party from a judgment, order, or other proceeding, on account of mistake, &c., and matters of discretion are not reviewable, there have been some seventy-five or eighty appeals from judgments founded upon the provisions of this section, and "still they come." Among such a number of appeals, a great many are found lying so closely along the line of distinction between a clear and undisputed exercise of discretion and the *abuse* of discretion, or the *power* to exercise it, that it is often very difficult to decide upon which side of the line a case falls.

But there can be no doubt here. There was no question arising as to the power, and there was no abuse of the discretion given the judge by the law. The defendants were guilty of very great laches, or at least indifference to the progress of their suit. They most probably heard of Mr. McKay's death; but they did not attend court at the return term or employ counsel, and after judgment by default was rendered against them, and a proposition to compromise, they gave themselves no concern about the case. Then would have been the time that a man of ordinary diligence would have applied for relief, if he believed he had any merit in his case. But the defendants failed to attend the next term of court or employ counsel, when a final judgment was rendered against them, and they never awoke to

the condition of their case until execution was isued against them.

The defendants are guilty of gross laches, and it is needless to cite any authority upon that point. They can be found all along the line of decisions upon cases arising under section 133, from *Thomas* v. *Womack*, 64 N. C., 657, down to those reported in the last volume of the Reports.

There is, in this case, no blame to be attached to the defendants' attorneys, as in *Griel* v. *Vernon*, 65 N. C., 76, and *Deal* v. *Palmer*, 68 N. C., 215.

The judgment of the superior court is affirmed.

No error.                                         Affirmed.