M. S. SIMPSON et al, v. D. BROWN et al.

*Motion to Set Aside Judgment for Excusable Neglect—*
*Inexcusable Negligence.*

Where, on a motion to set aside a judgment for excusable neglect
under Section 274 of *The Code*, it appeared that defendant
was present at the August Term of court following the Jan-
uary Term to which he had been summoned; and then knew
that the attorney, whom he had employed, had died, that
he filed no answer; that the case was continued to the follow-
ing January Term and was published in the calendar of cases
for a month in two weekly newspapers and that defendant
lived on the railroad 19 miles from the court house, and
that judgment was taken by default, no other attorney
having been employed or answer filed; *Held*, that the neg-
ligence of defendant was inexcusable and the judgment will
not be set aside.

MOTION by T. A. Fowler to set aside a judgment ren-
dered at January Term, 1895, of UNION Superior Court,
heard before *Timberlake, J.,* upon affidavits alleging
excusable neglect, &c. His Honor refused the motion and
defendant appealed. The facts appear in the opinion of
Chief Justice FAIRCLOTH.

*Messrs. H. B. Adams* and *McRae & Day,* for defend-
ant (appellant).
*Mr. F. I. Osborne,* for plaintiff (appellee).

FAIRCLOTH, C. J.: This is a motion to set aside a judg-
ment for excusable neglect, under *The Code,* Section 274.

Facts: The summons was served and returned to Jan-
uary Term, 1894, when the defendant Fowler employed an
attorney to attend to the case. The attorney died on
March 18, 1894, having failed to enter an appearance. At
August Term, 1894, the defendant was present and knew
his attorney was dead, but employed no other attorney.

SIMPSON *v.* BROWN.

One month before January Term, 1895, the case was put on the calendar and was set for trial on January 4, 1895, and the calendar was published in two weekly newspapers at Monroe for one month. The defendant lived 19 miles from the court-house directly on the railroad running daily trains. At January Term, 1895, a judgment was rendered, the defendant not attending and having employed no attorney. On August 13, 1895, the defendant filed an affidavit and made a motion to have the judgment set aside.

This was a plain case of inexcusable negligence. *Kivett* v. *Wynne*, 89 N. C., 39. The numerous decisions upon inexcusable negligence under this section are found in *Clark's Code*, pp, 231, 232, 233, 234.

Affirmed.