JOHN MANNING v. ROANOKE AND TAR RIVER RAILROAD
COMPANY.

(Decided February 22, 1898.)

*Practice—Service of Process—Amendment of Return—
Attorney—Laches—Failure to File Answer—Judg-
ment by Default—Appeal—Motion to Dismiss.*

1. Where a summons has been properly served, the return may be
amended to show that the deputy officer making the service had
been duly appointed by the sheriff; and the defendant cannot be
prejudiced by such amendment.

2. A non-resident attorney does not acquire the right to practice habitu-
ally in the Courts by having been previously allowed, by courtesy
of the Court, to appear in special cases.

3. A party will be held excusable for relying upon the diligence of coun-
sel, who has been neglectful, only when it appears that he himself
has not been neglectful, but has given all proper attention to the
litigation.

4. If a party seeks to be excused for laches on the ground of his counsel's
neglect, he must show that the counsel employed is one who regu-
larly practices in the court where the litigation is pending, or, at
least, one who is entitled to practice therein, and who specially
engaged to go thither and attend to the case.

5. If a party employs counsel whose duty is not to attend to the case
himself but merely to select counsel who will do so, the first
named counsel is, *pro hac vice*, an agent merely, his duty not being
professional, and his neglect is the neglect of the party himself and
not excusable; hence,

6. Where a railroad company had a general counsel residing in another
State and not entitled to practice regularly in the courts of this
State, and whose duty it was to employ local counsel to attend to
an action brought against the company, and through the neglect
of the "general counsel" the answer to the complaint was not
filed in time; *Held*, that the defendant company is not excused by
such neglect.

7. The fact that a defendant has the right to take advantage of the plain-
tiff's failure to file a complaint within the first three days of the
return term, does not abrogate the mandate to the defendant, con-

tained in the summons, requiring him to appear on the first day and answer at that term. *Williams* v. *R. R.*, 110 N. C., 466, overruled.

8. In an action for damages, the plaintiff, having filed his complaint within the first three days of the return term, is entitled to judgment by default and enquiry if the defendant does not appear and answer, or obtain an extension of time to answer, at such term.

9. It is only when there is excusable negligence (and not where there is inexcusable negligence), that the trial judge can, in his discretion, set aside, or refuse to set aside, a verdict and judgment by default, and the exercise of such discretion is not reviewable.

10. A motion to dismiss an action because the complaint fails to state a cause of action, can be made in this Court, though not made below, even where there has been a jury trial, verdict and judgment.

11. A complaint which alleges that the defendant, a railroad company, failed and neglected to protect the plaintiff, who had purchased a ticket for his passage, and was entitled to be on the defendant's train, from the violence and assault of fellow-passengers and intruders, whereby he was humiliated, frightened and injured, states a cause of action.

Motion by defendant to set aside a judgment by default and enquiry, heard on affidavit before *Brown, J.*, at December, 1897, Special Term, of Bertie Superior Court. The judgment sought to be set aside was rendered at November Term, 1897, of said Court. His Honor refused the motion, the facts found by him and his judgment thereon being as follows :

"Summons was served in this action on defendant's local agent at Lewiston, Bertie county, N. C., on October 4, 1897, by leaving a copy; the copy was sent to Whisnant, superintendent, at once by local agent, and the summons was returnable on Monday, November 8, 1897. Whisnant at once forwarded said copy of summons with the information that it had been served on local agent to Legh R. Watts, general counsel of said road, at Portsmouth, Virginia, who at once wrote clerk

of this Court for a copy of complaint, expressing readiness at once to pay all necessary fees as soon as informed of amount. Clerk wrote Watts that complaint was not filed, and it had not then been filed. It was filed on Wednesday, the third day of term, at 4 p. m., just as Court took a recess for that day. Whisnant, when he forwarded the copy, wrote said Watts to give the matter his professional attention at once, which Watts promised to do. The clerk of this Court wrote Watts that he would send copy of complaint as soon as filed, and the clerk informed counsel for plaintiff that the said Watts had written for a copy of complaint, and what he had written Watts, and said clerk forwarded said copy on Friday, November 12, 1897. The judgment was rendered, no answer having been filed and no attorney being present representing defendant, on Friday, November 12, 1897, immediately preceding the final adjournment of the Court for the term.

The complaint was verified on November 6, 1897, before a Justice of the Peace in Windsor. The clerk of this Court was present in his office all during term of this Court, and for many weeks preceding. The said Legh R. Watts, so far as it appears, had no other information as to the suit except the said summons.

Before counsel for plaintiff moved for judgment he asked if any member of the bar appeared for defendant, and no appearance was announced. It was the purpose and intention of said Watts to answer said complaint as soon as he received a copy.

Said Watts is an attorney located in the city of Portsmouth, Virginia, and is the general counsel of the defendant company, a North Carolina corporation. Said Watts does not practice in the courts of Bertie county. The Court finds that said Watts' name is printed in Su-

MANNING *v.* RAILROAD.

preme Court Reports as appearing in cases before that
Court, but whether or not he is authorized to practice
generally in the courts of this State this Court cannot
find, but supposes the Supreme Court can take judicial
notice as to whether it has ever so authorized said Watts.
The Court is of opinion, and so finds, that the said de-
fendant company should have employed counsel prac-
ticing in said Court, and that it had reason to know that
said Watts did not practice therein but was general
counsel located in another State. The Court is willing
to exercise its discretion and set aside said judgment,
provided it is authorized in law to do so, upon the facts
as herein found and set forth, but being of opinion that
it is not, declines to set same aside." From this judg-
ment defendant appealed.

*Mr. St. Leon Scull* for plaintiff.
*Messrs. Francis D. Winston* and *MacRae & Day* for
defendant (appellant).

CLARK, J.: The summons having in fact been served,
any irregularity in the signature of the officer to the re-
turn of service was corrected by the affidavit showing
that the deputy serving the summons had been duly ap-
pointed by the sheriff. It was a full and complete
amendment of the return, and related back and had the
same effect as if the amended return had been originally
made. *Grady* v. *Railroad*, 116 N. C., 952. The de-
fendant having in fact been served with process by a
properly authorized officer, cannot be prejudiced by an
amendment which merely makes the record speak the
truth.

Litigation must ordinarily be conducted by means of
counsel, and, hence, if there is neglect of counsel the

client will be held excusable for relying upon the diligence of his counsel, provided he is in no default himself. *Roberts* v. *Allman*, 106 N. C., 391; *Burke* v. *Stokely*, 65 N. C., 569. He must, however, not only pay proper attention to the cause himself, but he must employ counsel who ordinarily practice in the court where the case is pending, or who are at least entitled to practice in said court and engage to go thither. If he employ counsel whose duty is not to attend to the case himself, but merely to select counsel who will do so, the first named counsel is *pro hac vice* an agent merely, his duty not being professional, and his neglect is the neglect of the party himself, and not excusable. *Finlayson* v. *Accident Company*, 109 N. C., 196, at p. 200, citing *Churchill* v. *Insurance Company*, 92 N. C., 485; *Griffin* v. *Nelson*, 106 N. C., 235; *Boing* v. *Railroad*, 88 N. C., 62.

In the present instance, the summons was sent to the general counsel of the defendant, resident in Norfolk, Va., who had no authority to practice in this State, not having obtained license so to do in the manner required by *The Code*, Section 17, and, in fact, being debarred as a citizen of another State from so doing by Section 19, which requires all attorneys to take an oath of allegiance to this State. That said non-resident had appeared in some causes in this State does not militate against this, since the appearance of such counsel is a matter of courtesy in each and every case, and on motion in each case, and only for the occasion on which it is allowed. The statute forbids the courts from allowing non-resident counsel (when citizens of other States and not holding license from this Court) from practicing habitually in our courts, and they cannot acquire the right to do so. Besides, even if the general counsel of the defendant,

to whom the summons was sent, had been counsel regularly authorized and empowered to practice in the courts of this State, it does not appear that he was in the habit of attending regularly the courts of Bertie county, or especially agreed to attend the term of said court on this matter, and in the absence of such proof the defendant has not shown that it has paid proper attention to the case, and that its neglect was excusable, and this burden was on the defendant. *Kerchner* v. *Baker*, 82 N. C., 169. It is no doubt very convenient for the defendant to have a general counsel to whom notice of the service of process can be sent, who shall parcel out the legal matters of the company and select local counsel to whom each case shall be entrusted; but in doing this the general counsel is simply discharging the duty the president or any other officer of the company could discharge, and is *pro hac vice* acting merely as an agent of the defendant, and not as an officer of the Court; hence, his neglect cannot excuse the defendant.

The defendant has the same rights as any other litigant. Neither more nor less. The law requires the summons to be served ten days before court, to give defendants time to secure counsel. There is no greater time allowed one class of defendants than others. In fact, this defendant was served with process 35 days before the first day of the court at which it was summoned to appear. It was its duty to employ, like any other litigant, an attorney regularly practicing in the court where the action was brought, or who agreed to be there to represent the defendant. There is no reason why it should delay to employ counsel till the answer was filed. If the defendant's "system" of procuring counsel does not enable it to file its answers in the time

required of other defendants, it must change its methods to conform to the requirements of the law instead of asking that the courts give it special privileges. The summons on its face commanded the defendant to be at said court on the first day thereof and to answer at that term. It is true the plaintiff is given three days in which to file the complaint, but this is a privilege to the plaintiff, not to the defendant. The plaintiff might file his complaint before the expiration of the three days or even before court met. The duty of the defendant, by the terms of the summons, is to be at court on "the first day" thereof to answer the complaint whenever filed, and with the right to have the action dismissed if it is not filed within the first three days thereof. But the right to take advantage of the plaintiff's failure to file the complaint in the first three days in no wise repeals the mandate to the defendant to appear on the first day of the term and to answer at that term. The defendant is simply protected against being detained longer than three days to see the complaint.

In this case the complaint was filed on Wednesday and the court did not adjourn till Friday. There is nothing to show that the answer could not have been filed if the defendant had employed counsel who were practicing in that court and who had engaged to be present. If the time had proved too short, the court, on motion, was empowered to extend the time. *Code*, Section 274. But no counsel was there, nor was such motion made. In fact, defendant avers that its general counsel in Norfolk was waiting for the clerk to send him by mail a copy of the complaint when filed. Before it could have gotten to him (even if he had been at his office), and the answer could have been prepared and returned, the court had adjourned.

. Our laws do not recognize this leisurely, kid-glove and dilettante manner of attending to legal proceedings at long range.   What would . be left of the statute if every defendant demanded the same privilege of answering at his own convenience or by his own system? All litigants are on a level in our courts, subject to the same statutes and required to pay the same attention to matters before the courts.   As the answer was not filed at the first term, the plaintiff was under the law entitled to his judgment against this defendant, as he would have been against any other.   *Williams* v. *Railroad,* 110 N. C., 466, is overruled.

Upon the facts found there was not excusable neglect and his Honor correctly ruled that he was not authorized to set the judgment aside.   It is only when there is excusable negligence (and not when there is inexcusable negligence) that the Judge can in his discretion set the judgment aside or refuse to do so, and the exercise of such discretion is not reviewable.   *Stith* v. *Jones,* 119 N. C., 428.

The defendant moves to dismiss the action in this Court because the complaint fails to state a cause of action.   This is a motion which can always be made in this Court, though not made below, and even when there has been a jury trial, verdict and judgment.   Rule 27; *Ladd* v. *Ladd,* 121 N. C., 118.   The complaint, however, does state a cause of action.   *Britton* v. *Railroad,* 88 N. C., 536, and other cases cited in *Daniel* v. *Railroad,* 117 N. C., 592, at p. 608.

No error.