GEORGE A. STOCKTON v. WOLVERINE GOLD MINING COMPANY.

(Filed 14 May, 1907).

1. **Judgment—Default—Set Aside—Appeal—Excusable Neglect.—** Under Revisal, sec. 513, when the Judge below has found there was excusable neglect on the part of the defendant's counsel in not filing an answer within the prescribed time, and has set aside a judgment by default and inquiry, an appeal therefrom presents only the question whether the neglect was excusable.

2. **Same—Grounds of Excuse—Foreign Counsel.—**An order of the Court below, setting aside a judgment by default and inquiry, will be reversed on appeal by the Supreme Court when it appears that the delay in filing answer was occasioned by the "system"

of the defendant in employing foreign counsel to draft the answer, when such could have been left to local counsel in attendance upon the Court.

3. **Same—Findings Below—Meritorious Defense.**—In setting aside a judgment by default and inquiry for excusable neglect, it is necessary that the Judge below should find that the defendant has *prima facie* a meritorious defense.

4. **Same—Admits Cause of Action Only—Measure of Damages—Burden of Proof.**—A judgment by default and inquiry admits only a cause of action and carries nominal damages and costs, leaving the burden of proof upon plaintiff to show further damages.

MOTION in the cause to set aside a judgment by default and inquiry, heard by *Guion, J.,* at February Term, 1907, of the Superior Court of RUTHERFORD County. Motion granted, and plaintiff appealed. The facts sufficiently appear in the opinion.

*R. S. Eaves* for plaintiff.
*Gallert & Carson* for defendant.

CLARK, C. J. Appeal from an order setting aside a judgment by default and inquiry for excusable neglect, under Revisal, sec. 513 (Code, 274). Upon the facts found, which finding is conclusive on us, the Judge decides whether, as a matter of law, there was or was not excusable neglect. From this conclusion of law an appeal lies. *Norton v. McLaurin,* 125 N. C., 185; *Pepper v. Clegg,* 132·N. C., 313.

Under The Code, 274, if the Judge correctly adjudged that there was excusable neglect, then whether he should set aside the judgment rested in his unreviewable discretion. *Morris v. Insurance Co.,* 131 N. C., 213, and cases cited. In Revisal, sec. 513, the word "shall" is substituted for "may in his discretion," which was used in Code, 274. Whether this does not take away the discretion of the Judge, when he has correctly adjudged that there was excusable neglect

upon the facts found, is not now before us, as the Judge, having found there was excusable neglect, set aside the judgment, and the plaintiff's appeal, presents only the question whether the neglect was excusable.

It is found by the Judge that summons issued 4 August, 1906, and that at August Term an alias issued, which was returned, duly served, at October Term, when, by consent, time was allowed to file complaint and answer. Complaint was filed in December. In the latter part of that month a bar meeting was held to set a Calendar for February Term. Plaintiff's counsel notified defendant's counsel that the complaint was on file, and asked to set this case for trial, but, on the latter's objection that the answer was not in, plaintiff's counsel requested that the answer should be filed as soon as possible, and defendant's counsel assured him that this would be done. A few days later plaintiff's counsel again called the matter to the attention of defendant's counsel and received the same assurance. The defendant was a mining company, operating in Rutherford County, in this State, but chartered in the District of Columbia, and with its principal office in Alpena, Michigan. The defendant's counsel in this State were not entrusted with the duty of filing the answer, and they sent a copy of the complaint to the defendant's general counsel in Alpena, in December, to prepare and forward answer. This was not done, and at February Term the plaintiff moved for and obtained judgment by default and inquiry, the complaint being unverified and the demand being for unliquidated damages. The defendant had two local counsel; one of them, being a member of the General Assembly, then in session, was present only three days of that term of Court, but the other was present the whole term, and, indeed, in Court when the judgment by default was asked for and rendered. It does not appear whether he asked the Judge then to extend time to file answer, under Revisal, sec.

512, but if he did, the Court thought the motion should be denied, as he gave judgment by default and inquiry.

It is clear that there was no neglect of any kind on the part of either of the counsel in this State. But there was the grossest neglect, either on the part of the defendant itself, whether it was in North Carolina, District of Columbia, or Michigan, or on the part of its general counsel in Alpena, Michigan, to whom it saw fit to entrust the filing of its answer, instead of to its capable and reliable counsel in this State. We had occasion to condemn this "leisurely, kid-glove, and *dilettante* style of attending to legal proceedings at long range." *Manning v. Railroad,* 122 N. C., 831. We there repeated (p. 828), citing several previous authorities, that the party to an action must "not only pay proper attention to the cause himself, but he must employ counsel who ordinarily practice in the court where the case is pending, or who are entitled to practice in said court, and engage to go thither," and, *ibid.,* on page 829, said: "If the defendant's 'system' of procuring counsel does not enable it to file its answers in the time required of other defendants, it must change its methods to conform to the requirements of the law instead of asking that the courts give it special privileges."

The defendant was operating a mine in Rutherford County. It had an agent there, who committed the act which is the subject of this action. It was served with summons. It employed counsel there fully competent to file the answer and to represent it in every respect before the Court. It was notified on 29 December that the answer must be filed. It chose to entrust the duty of preparing the answer to counsel in Michigan, who are not authorized to practice in our courts. But, even then, though not entitled to any delay on account of its remarkable method of doing legal business "at long range," there was five or six weeks, after notice that an

answer was required, before judgment by default and inquiry was taken. The copy of complaint was sent to Alpena in December, as the Judge finds, that the answer should be drawn and sent here. If the defendant had been entitled to more time to file answer than other defendants, it takes a letter only two days or less to go to Michigan. The defendant had about forty days to act in, and, besides, could have wired or written its counsel here to file answer even after the February Term had begun. Such negligence is not excusable, but inexcusable. If the answer had been filed, trial could have been had at February Term. The answer not being on file, the plaintiff was entitled to a judgment by default and inquiry (unless the Court had then extended time to file answer, Revisal, sec. 512), that he might have a trial thereon at April Term, which his Honor erred in not giving him.

It was also erroneous to set aside the judgment for excusable neglect, in that the Judge did not find that the defendant had a meritorious defense. *LeDuc v. Slocomb,* 124 N. C., 351; *Mauney v. Gidney,* 88 N. C., 200. "Under the former system a court of law could not set aside its regular judgment at a subsequent term." *Jarman v. Saunders,* 64 N. C., 370. The remedy was by a bill in equity, which must show, among other things, at least a *prima facie* meritorious defense. This the Judge should still find, that the Court may not do a vain thing.

The cause of action set out in the complaint is for sale of $2,250 of defendant's stock to plaintiff upon alleged fraudulent representations and an alleged "salting" of its dump with ores from another and better mine, which were shown as samples to plaintiff to induce him to buy the stock. The judgment by default does not establish such allegations of the complaint, which must still be proven, but merely the fact that the plaintiff has a cause of action. "A judgment by de-

fault final admits the allegations of the complaint, but a judgment by default and inquiry admits only a cause of action and carries only nominal damages and costs," the burden of proving his right to recover any further judgment being still upon the plaintiff. *Osborn v. Leach,* 133 N. C., 432, citing our own cases and 2 Black on Judgments, sec. 698. As the case goes back for trial, it may be as well to call attention to this. The order setting aside the judgment is

Reversed.

BROWN, J., concurs in result.