GEORGE McCLINTOCK v. LIFE INSURANCE COMPANY OF
VIRGINIA.

(Filed 5 November, 1908).

1. Appeal and Error—Justice's Court—Appeal Dismissed in Superior Court, Effect of—Procedure.

> The dismissal of an appeal from a court of a Justice of the Peace, when not docketed by the appellant at the term of the Superior Court prescribed by Revisal, sec. 608, has the same effect as an affirmation of a judgment thereof under sec. 607, Revisal.

2. Appeal and Error—Justice's Court—Motion to Dismiss—Laches —Discretion—Procedure.

> The action of the lower Court is not reviewable in allowing the motion of the appellee, from a judgment rendered in a court of the Justice of the Peace, to docket and dismiss an appeal when the appellant had neither paid the Clerk's fees nor requested him to docket the appeal.

ACTION heard by *Webb, J.,* at June Term, 1908, of GUILFORD. Defendant appealed.

Judgment was taken before a Justice of the Peace 8 September, 1906. An appeal was taken in open court and the transcript on appeal was promptly sent to the Clerk of the Superior Court. At August Term, 1907, the appeal not having been docketed (though in the interim five terms of the Superior Court had been held), the appellee moved to docket and dismiss. This motion was continued from term to term till January Term, 1908, when it was allowed. At no time prior to August Term, 1907, did the appellant ask to docket the appeal, or for a *recordari*.

*Scott & McLean* for plaintiff.
*King & Kimball* and *Stedman & Cooke* for defendant.

CLARK, C. J. Revisal, sec. 607, provides, "If the appellant shall fail to have his appeal docketed as required by law, the

appellee may, at the term of said court next succeeding the. term to which the appeal is taken, have the case placed upon the docket, and upon motion, the judgment of the Justice shall be affirmed." The dismissal of the appeal had the same effect. Revisal, sec. 608, required this appeal to be docketed "at the ensuing term" of the appellate court, if more than ten days after judgment. *Pants Co..v. Smith,* 125 N. C., 588.

It is true, the Judge finds that the Clerk was in the custom of docketing such appeals without requiring payment of fees, that the Clerk was in bad health and the docket was crowded. For these reasons, the Judge in his discretion, might (if the delay in docketing was not too gross) have allowed a motion to docket *nunc pro tunc. Marsh v. Cohen,* 68 N. C., 283; *West v. Reynolds,* 94 N. C., 333. Here, the appellant neither paid the Clerk's fees, nor requested him to docket the appeal, nor paid any attention to it for eleven months, during which time there were five terms of the Superior Court. If it were conceded that, after such *laches,* the Judge could, in his discretion, have allowed the appeal to be docketed, it is clear that his refusal to do so is not reviewable. This has been held lately by *Brown, J.,* in *Lentz v. Hinson,* 146 N. C., 31, and by *Walker, J.,* in *Blair v. Coakley,* 136 N. C., 409, citing many cases. In *Johnson v. Andrews,* 132 N. C., 376 (relied on by appellant), the fees were paid to the Clerk, and he was requested to docket the appeal, and the Clerk later informed the appellant that he had done so.

As this Court has often stated, "if a person has a case in court the best thing he can do is to attend to it." *Pepper v. Clegg,* 132 N. C., 316.

Affirmed.