NANCY LUNSFORD ET AL. V. FRED H. ALEXANDER ET AL.

(Filed 28 May, 1913.)

**1. Appeal and Error—Appeal Bond—Laches—Motion to Dismiss—Motion to Reinstate.**

It is necessary to comply with the requirement that the appellant give bond unless permitted to appeal *in forma pauperis;* and in this case, it appearing that the appellant had not given the required bond at the time the case was called, after several agreed continuances, in the Supreme Court, and that upon appellee's motion, the appellant did not then offer to do so, the appeal was properly dismissed, and a motion to reinstate, thereafter made at the same term, should not be granted, as no legal excuse for appellant's laches has been shown.

2. Appeal and Error — Promise of Clerk to Notify — Appellant's Laches—Legal Excuse.

A request to the clerk of the Supreme Court to notify an appellant of the time when his case will be reached in the call of the district to which it belongs is a mere matter of personal courtesy, and not a legal obligation on the part of the clerk; and the appellant may not set up as an excuse for his laches in failing to be present, the failure of the clerk to reply.

3. Appeal Bond—Duty of Appellant—Laches—Attorney and Client —Principal and Agent.

Providing an appeal bond is the duty of the appellant and not of his attorney, and when the latter is authorized to act therein, he does so as the agent of the party appealing, who is, in the relation of principal, responsible for his laches.

APPEAL by caveator from *O. H. Allen, J.,* at July Term, 1912, of ASHE.

*N. Y. Gulley & Son, McNeill & McNeill for plaintiffs.*
*T. C. Bowie, R. A. Doughton, and R. L. Ballou for defendants.*

PER CURIAM. Motion to reinstate. When this case was reached in regular order for argument, on motion and by consent of counsel, it was set for hearing for the end of the Fourteenth District. It was again reached under this order on 8 May, and at request of one of plaintiff's counsel it was laid over till an hour that would suit the convenience of said counsel. When reached, the defendant's counsel moved to dismiss because no appeal bond had been filed. Counsel for the plaintiff was present and showed no excuse for failure to file the bond, and did not then and there offer to make a deposit in lieu of bond, which he would have been permitted to do. The case was then dismissed, as required by the rule.

The decision of the court below is presumed to be correct. Any party not satisfied with such decision has the right to appeal, but only upon compliance with the conditions required by the statute. Among these conditions is the execution of a bond, or making a deposit in lieu thereof, and if the party is unable to do either of these things, the law, in its liberality,

162—34

permits him to appeal without giving bond, upon filing the affidavit and certificate and procuring leave to appeal without bond, in the manner prescribed by law. The appellant chose to do neither of these things. He might have filed the deposit even after motion was made to dismiss for want of a bond, but he did not offer to do so.

The appellant now moves on the last day of the term to reinstate the cause upon the ground that the clerk did not write him, upon application, the probable date at which the cause would be reached for argument. The clerk was absent from his office by illness, but the counsel making this affidavit, who is nonresident, had resident counsel who was present when the case was reached for argument, and dismissed, and he should have learned from him as to the date at which the cause would be reached. This Court has no daily calendar, and counsel must attend during the week for which the case is set under our rules. The clerk would probably have answered the letter, if he had been in his office; but this would have been merely a courtesy and not a right.

This Court has repeatedly said that "when a man has a case in court, the best thing he can do is to attend to it." *Pepper v. Clegg,* 132 N. C., 316. The appellant has not given this appeal such attention as entitles him to have this cause reinstated. Appellants are prone to forget that "appellees have rights" as well as themselves. The appellee has the right, if the appeal is not taken and prosecuted in the manner required by the statute, to have it dismissed, and the burden is upon the appellant to show that he has given the matter proper attention, and that failure to comply with the requirement of the statute and rules has been without laches on his part. If this motion, made on the last day of the term, were to be granted, it would result in keeping the appellee six months longer in litigation. The appellant has made out no case which entitles him to deprive the appellee of the final disposition of the case which the court has already made.

Providing appeal bond, if left to counsel, is a duty devolved on him not as counsel, but as agent of appellant, and his neglect is the neglect of the principal. *Churchill v. Insurance Co.,* 92

N. C., 485; *Griffin v. Nelson,* 106 N. C., 235. In *Cozart v. Assurance Co.,* 142 N. C., 523, the Court says that compliance with the "regulations as to appeals is a *condition precedent* without which (unless waived) the right to appeal does not become potential." Hence it is no defense to say that the negligence is the "negligence of counsel, and not negligence of the party." This has been cited and approved, *Vivian v. Mitchell,* 144 N. C., 477, and in many other cases.

Motion denied.