TOM QUEEN v. THE GLOUCESTER LUMBER COMPANY.

(Filed 22 December, 1915.)

**Judgment—Excusable Neglect—Attorney and Client.**

> A party litigant must give his case the attention that a man of ordinary prudence would give his important business affairs; and where a defendant has employed one of a firm of attorneys nonresident of the county wherein the case was pending, who had sole charge of his interest in the case, and soon after filing the answer this attorney died, of which the defendant had knowledge, and neglected to employ another attorney for seven months, and after an intervening term judgment was obtained against him, he may not have the judgment set aside for excusable neglect upon the ground that the deceased attorney had failed in his promise to employ local attorneys to represent him, and that he was not informed or did not know that the case had been set on the calendar for trial.

APPEAL by defendant from *Webb, J.,* at July Term, 1915, of HAYWOOD.

This is a motion to set aside a judgment upon the ground of excusable neglect. His Honor, before whom the motion was heard, found the following facts:

The summons herein issued on 11 April, 1913, returnable to September Term, 1913, of the Superior Court of Haywood County, which convened on the eighth Monday before the first Monday of said month, and the

same was duly served upon the said defendant by the sheriff of Transylvania County on 18 April, 1913. That thereafter, to wit, on 24 April, 1913, the complaint in said action was duly filed in the office of the clerk of the Superior Court of Haywood County and a copy thereof was immediately furnished by counsel for plaintiff to Zachary & Clayton, of Brevard, North Carolina, counsel for the defendant. That thereafter, to wit, on 17 July, 1913, the said Zachary & Clayton filed the answer of said defendant in said office of the clerk of the Superior Court of Haywood County. That immediately after the said answer was filed the said Zachary, of the firm of Zachary & Clayton, became ill and was not allowed to perform any professional work, and died about 20 October, 1913. That the said Zachary, of the firm of Zachary & Clayton, had had immediate charge of said action for the defendant from the time of its institution until the answer was filed therein, 17 July, 1913, and that the said Clayton of said firm had no connection with said cause other than to do some clerical work therein, and was not continued as counsel for the defendants after the death of the said Zachary.

That the regular term of the Superior Court of Haywood County was duly held in said county in January and February, 1914, but said cause was not placed upon the calendar for trial at said term. That the same was placed upon the calendar for trial at May Term, 1914, of said court, at which time it was tried before *Carter, J.,* and a jury, and verdict and judgment were rendered in favor of the plaintiff in the sum of $156.56, with interest thereon from 1 April, 1912, as appears in the record.

It is further found as a fact that no calendar of the causes set for trial at the said May Term, 1914, of said court was furnished the defendant.

It is further found that the defendant did not employ counsel to attend the said cause after the said Zachary became sick in July, 1913, until some time in March, 1915, when the sheriff of Transylvania County notified the defendant that he had in his hands an execution issued from the Superior Court of Haywood County on said judgment against the property of the said defendant.

The motion was denied, and the defendant excepted and appealed.

*Alley & Leatherwood for plaintiff.*
*Welch Galloway, A. S. Barnard for defendant.*

ALLEN, J. The defendant has shown no reasonable excuse for its negligence in failing to defend the action and to prevent the recovery of judgment.

The frequent admonition, that "when a man has a case in court the best thing he can do is to attend to it" (*Pepper v. Clegg*, 132 N. C., 315; *McClintock v. Insurance Co.,* 149 N. C., 36; *Lunsford v. Alexander,*

162 N. C., 530), has not been heeded, nor has the defendant measured up to the degree of diligence required in the orderly conduct of an action in court.

"It is not enough that parties to a suit should engage counsel and leave it entirely in his charge. They should, in addition to this, give it that amount of attention which a man of ordinary prudence usually gives to his most important business." *Allen v. McPherson*, 168 N. C., 437.

In this action the defendant employed counsel who was not a resident of the county where the action was pending, and its excuse for not being present at the trial is that it relied upon his promise to employ local counsel and to inform it of the time of trial. This would not ordinarily justify the defendant in giving no further attention to the matter, but if permitted to prevail, in the absence of other facts, as ground for setting aside the judgment, it appears from the findings of fact that the counsel who had been employed became ill in July, 1913, immediately after the answer was filed; that he was not thereafter able to attend to any business, and that he died in October, 1913, and that during seven months intervening between the death, which was known to the defendant, and the recovery of judgment the defendant made no effort to employ other counsel and took no steps to defend the action.

Would any man of ordinary prudence employ an agent to attend to important business in his absence, and, after hearing of his death, delay seven months to appoint another agent or to inquire what had become of his business interest?

We think not, and if this would be inexcusable negligence in the ordinary affairs of life, the degree of care is not less when one is called upon to defend an action in the courts. *Vigilantibus et non dormientibus jura subveniunt.*

Affirmed.