This was a motion to set aside a verdict and the judgment rendered thereon, for excusable neglect. The verdict and judgment were rendered at November Term, 1917, of Tyrrell. The motion to set aside for excusable neglect was heard over exception by plaintiff at Elizabeth City, 12 February, 1918.
The summons in the action, returnable to Tyrrell, was issued in May, 1915, and complaint was filed 15 September, 1917. An order extending time to file pleadings was made at each term, down to that time. The defendant employed W. M. Bond, Jr., then practising at Plymouth, in Washington County, to represent him, and at Bond's request I. M. Meekins, plaintiff's attorney, agreed to furnish Bond a copy of the complaint when filed. In August, 1916, Bond, by reason of ill health, moved permanently to Denver, Colorado, when necessarily his connection with the case had ceased, and therefore no copy of the complaint was furnished him. The complaint was filed 15 September, 1917, and the case was calendared for trial at the October Special Term, 1917, and was then continued till the November Term. The case was then again calendared for trial at the regular November Term, 1917, when it was heard and verdict and judgment regularly rendered. *Page 7 
The plaintiff excepts to the allowance of the motion to set aside the judgment for excusable neglect, on three grounds, either of which, we think, entitles the plaintiff to have the judgment reversed.
1. The motion was made at Elizabeth City, outside of the county where the judgment was rendered. The plaintiff entered a special appearance and moved to dismiss, and also pleaded defect of jurisdiction or power in the judge to hear said motion at such time and place, without the plaintiff's consent, and excepted to the refusal to dismiss.
It is well settled by our decisions that no order affecting the substantial right of the parties can be rendered outside the county wherein such action is pending, except in those cases especially provided by statute, or by consent of both parties. There is no statutory provision which permits a motion of this kind to be heard out of the county where the verdict and judgment were rendered, and the motion should have been dismissed. Bynum v. Powe, 97 N.C. 378; McNeill v. Hodges, 99 N.C. 248, and cases cited thereto in the Anno. Ed.; Bank v. Peregoy, 147 N.C. 293;Cox v. Borden, 167 N.C. 320.
This matter is fully discussed in Bank v. Peregoy, supra, where the Court says: "Except by consent or in those cases for which special provision is made by statute, a judge of the Superior Court, even in his own district, has no jurisdiction to hear a case, or make orders therein, outside the county in which the action is pending."
In Godwin v. Monds, 101 N.C. 354, the Court held that the judge "has no jurisdiction to hear and determine a motion to set aside a judgment outside the county in which the action is pending, except by consent of the parties thereto." See citations to that case in Anno. Ed. This case was cited and followed as authority, without an opinion, in Taylor v. Pope,101 N.C. 368. Among the cases citing it is Herring v. Pugh, 126 N.C. 860, which says: "In Godwin v. Monds, 101 N.C. 354, it is held that a judgment could not be set aside by a judge outside the county in which it was rendered, unless it was done by common consent, and that that consent should appear in writing, or the judge should set out the consent in the order which he makes in the cause, or such consent should appear by fair implication from what appeared in the record. See, also, Ledbetter v.Pinner, 120 N.C. 457; Fertilizer Co. v. Taylor, 112 N.C. 145." The defect was jurisdictional, and the motion should have been dismissed, for in this case the plaintiff not only did not consent, but asked to dismiss, and excepted.
2. It was also error to hold that the neglect of the defendant was excusable and entitled him to have the judgment set aside. This Court has held that "When a man has business in court, the best thing he can do is to attend it." Pepper v. Clegg, 132 N.C. 316, and this has been often quoted and reaffirmed. It has also been held that "A litigant *Page 8 
must pay the same attention to a case in court that any one would give to business of importance." Roberts v. Alman, 106 N.C. 391. Even when he has employed counsel, he cannot abandon all attention to the case (McLeod v.Gooch, 162 N.C. 122), and in this case the defendant well knew he had no counsel. It has also been held that one who has been made party to an action by summons is fixed with notice of all orders and proceedings taken in open court. LeDuc v. Slocomb, 124 N.C. 347.
In this case the judge finds as a fact that Bond, the defendant's counsel, removed permanently to Denver, Colorado, in August, 1916; that after the complaint was filed in September, 1917, this case was calendared for trial at October Special Term, 1917, of Tyrrell; that the cause was continued and again calendared for trial at the regular November Term, 1917; that the case was reached in regular order on the calendar, regularly tried, and judgment entered upon the verdict. The judge finds as a fact that the removal of the defendant's counsel to Colorado was a matter of sufficient public notoriety not only to be generally known, but that his new address could have been easily ascertained.
If the defendant's counsel had died it would have been the duty of the defendant to have obtained counsel at once in his stead to represent him in this cause. The removal of said counsel to Colorado was of the same notoriety and effect and the defendant had the same notice to procure counsel in his stead. He well knew that his counsel could not and would not attend to the case after his removal to Colorado. It was not paying the attention to the case that an ordinarily prudent man would pay to his most important matters to take no steps to procure counsel from August, 1916, down to the trial in November, 1917.
"Where the defendant's counsel died having filed no answer, and the case was continued to the next term, and it was calendared for trial at that term, and judgment was taken, the defendant not having employed another counsel, it was held that the judgment could not be set aside, for the neglect was inexcusable." Simpson v. Brown, 117 N.C. 482; Kivett v.Wynne, 89 N.C. 39.
In this case, the defendant's counsel having permanently moved to another State, it was the duty of the defendant to employ other counsel, as much so as if the counsel had died, especially so in this case as there were sixteen months between the removal of the counsel and the trial and the case was twice calendared for hearing.
Where the defendant employs a counsel nonresident in this State, or even counsel in this State who does not reside in the county of trial, or who does not habitually attend that court, the judgment, for want of an *Page 9 
answer, will not be set aside, for such neglect is inexcusable. Manning v.R. R., 122 N.C. 824, and cases cited in Anno. Ed.
In this case the negligence was not that of counsel in failing to attend to the matter, but the negligence of the party himself in not employing counsel when for sixteen months he had notice that his counsel had permanently left the State. Even where there has been negligence of counsel, the judgment will not be set aside if the client himself has been neglectful. Norton v. McLaurin, 125 N.C. 185, which cites many cases in support of that decision and which has itself been cited many times since as authority. Besides that, when the case was calendared for trial at the October Special Term, 1917, this was an order of which he was fixed with notice. Such calendars are usually printed in the papers, and if it was not done in this case the calling of the cause in regular order on the calendar with the order "continued till next term" was a sufficient notice that this case stood for trial and would stand for trial again at the November term. The defendant was fixed with notice of this order. LeDuc v. Slocomb,124 N.C. 347. This is elementary.
Then there was the further notice by the case being put on the calendar for trial at the November term, of which calendar the public had notice; yet during all these months, from August, 1916, to November, 1917 — sixteen months — the defendant in utter neglect of his duties as a litigant in court, and with full knowledge that his former counsel had departed the State and removed his residence permanently to Colorado, did not employ counsel to represent him, which was the grossest negligence on the part of the defendant.
If the defendant was aware that there was an agreement that a copy of the complaint when filed should be sent to his counsel, he well knew that after said counsel had removed his residence permanently to Colorado that such complaint could not be sent to him, and that if sent said counsel could not attend to the matter. He knew that it was necessary for him to employ new counsel. There was no new counsel on whom to serve the complaint, and though the case was twice calendared for trial he took no notice whatever of the pending case. He did not look after it himself, and during sixteen months he employed no one among the many able and well-known counsel attending Tyrrell court to represent him. It was not incumbent on the plaintiff to notify him to get other counsel.
The conversation in Norfolk is stated differently by witnesses, and its purport is not found by the judge. The plaintiff testifies that it was after Bond left the State and was a notice to Brinkley to get other counsel. The defendant contends that it was before Bond left, and admitted the agreement to serve the complaint on Bond, which of course could have no effect after Bond had ceased to be counsel by his removal from *Page 10 
the State and the lapse of ample time for the defendant to engage other counsel.
3. A judgment cannot be set aside for excusable neglect unless the judge finds that the defendant has a meritorious defense. Stockton v. Mining Co.,144 N.C. 595, and cases there cited, and cases thereto cited in the Anno. Ed.
In Jarman v. Saunders, 64 N.C. 370, it is said: "Under the former system a court of law could not set aside its regular judgment at a subsequent term." The remedy was by bill in equity, in which it was requisite to show that the mover had a meritorious defense, and this the judge must still find. LeDuc v. Slocomb, 124 N.C. 351; Mauney v. Gidney,88 N.C. 200. There are numerous cases to the same effect: Minton v.Hughes, 158 N.C. 587; Miller v. Curl, 162 N.C. 4; Allen v. McPherson,168 N.C. 435; Estes v. Rash, 170 N.C. 342.
The burden was on the defendant to have the judge find the fact that there is a meritorious defense. School v. Pierce, 163 N.C. 424.
Upon each and every one of these grounds the order setting aside the judgment was erroneous.
There is no evidence for finding that the judgment was taken irregularly. The cause was set regularly for trial upon the calendar at the October term. It was continued and again set for trial on the calendar at November term. At that term it was regularly reached in regular order. The issues were submitted to the jury and found as appears in the record and the judgment was entered regularly in open court upon such verdict.
The order setting aside the judgment in this cause should be
Reversed.