PETE FELLOS v. WILLIAM ALLEN AND LESTER ALLEN, PARTNERS, TRADING UNDER THE NAME AND STYLE OF ALLEN BROTHERS.

(Filed 16 March, 1932.)

1. **Judgments K b—Motion under C. S., 600, must be made within one year and movant show meritorious defense and excusable neglect, etc.**

In order to set aside a judgment regularly entered, our statute, C. S., 600, requires that the motion be made within one year after notice and that the court find as a fact the existence of mistake, inadvertence, surprise or excusable neglect, to which the Supreme Court has added another condition precedent, that the judge must find that the moving party has a meritorious defense.

**2. Appeal and Error J c—Finding of court upon sufficient evidence that movant did not have meritorious defense is conclusive on appeal.**

　　Where upon a motion to set aside a judgment for surprise, excusable neglect, etc., the court finds as a fact upon supporting evidence that the movant has no meritorious defense, the finding is conclusive on appeal. As to whether excessive damages is a sufficient showing of a meritorious defense, *quære?*

**3. Judgments K d—Motion to set aside judgment by default held properly refused, verification being in substantial compliance with law.**

　　A verification of a complaint which is in substantial compliance with the law is not a sufficient ground for setting aside a judgment entered by default; in this case the plaintiff, when signing the complaint, took the oath with uplifted hand rather than upon the Bible.

CIVIL ACTION, before *Harding, J.,* at February Term, 1931, of MECKLENBURG.

The plaintiff instituted this action against the defendants, alleging that a truck owned by the defendants and driven by their agent, negligently struck the building or lunch room of the plaintiff, knocking in the front of said lunch room, damaging the stock of goods and merchandise therein and injuring the plaintiff. No answer was filed by the defendants, and thereafter an issue of negligence was submitted to the jury and the verdict awarded damages in the sum of $800. There was judgment upon the verdict and subsequently an execution levied thereon. When the execution was served the defendants made a motion to set aside the judgment for the reason that they had employed a reputable attorney who regularly practiced in the courts of Mecklenburg County and who agreed to represent said defendants; that they relied upon said attorney, and that the said attorney had failed to file an answer or to give them any notice of the trial. Several affidavits were offered by the defendants in support of the motion to set aside the judgment. In substance these affidavits allege that the damage done to the plaintiff did not exceed $20.00 or $25.00. The plaintiff, in reply, offered certain affidavits tending to show that the plaintiff had suffered damage in excess of the verdict of the jury.

The defendants further offered evidence tending to show that the complaint had not been properly verified for that the plaintiff had appeared before the deputy clerk of the Superior Court of Mecklenburg County and after signing the complaint, the plaintiff had taken the following oath: "You swear that the facts alleged in the complaint are true to the best of your knowledge and belief, so help you God," to which the plaintiff replied "I do," but that the plaintiff was not required to place his hand on the Bible or kiss the same after the oath was administered.

The trial judge heard the motion and found certain facts. Finding No. 10, which is the chief subject of attack, is as follows: "That the defendants offered no evidence tending to show a meritorious defense to the plaintiff's cause of action against the defendant for injury sustained, resulting from the negligence of defendants, and the court finds as a fact that the defendants have no such meritorious defense. There was evidence offered by the defendant that the verdict of the jury was much in excess of the injury and there was evidence offered by the plaintiff tending to show that the verdict of the jury was much less than the injury to plaintiff."

*Hamilton C. Jones for plaintiff.*
*G. T. Carswell and Joe W. Ervin for defendants.*

BROGDEN, J. The statutory conditions precedent warranting the setting aside of a judgment duly and regularly entered, are: first, the motion must be made "within one year after notice thereof"; second, the court must find as a fact, the existence of "mistake, inadvertence, surprise or excusable neglect." C. S., 600. The Supreme Court in various dicisions has added a third condition precedent to the statute, to wit: That the judge must find that the moving party had a meritorious defense. If no answer has been filed, the existence of a meritorious defense must necessarily appear from affidavit.

The judge finds expressly that the defendants have no meritorious defense. Such finding, when supported by evidence, is conclusive and not reviewable on appeal. *Crye v. Stoltz,* 193 N. C., 802, 138 S. E., 167. It must be observed that the judge declares "that the defendant offered no evidence tending to show a meritorious defense to the plaintiff's cause of action," but he further declares "there was evidence offered by the defendant that the verdict of the jury was much in excess of the injury." If the judge had found as a fact "that the verdict of the jury was much in excess of the injury," then the legal inquiry would have been: If the verdict is greatly in excess of the injury suffered, does such fact constitute a prima facie showing of a meritorious defense? However, it is obvious that, in the absence of such specific finding, no such legal question is presented. Hence the judgment must be affirmed.

The defendants attack the verification of the complaint upon the ground that the plaintiff, while signing the complaint, took an oath with uplifted hand rather than upon the Bible. This attack cannot be sustained. In the language of *Currie v. Mining Co.,* 157 N. C., 209, 72 S. E., 980, it sufficiently "appears that the plaintiff was sworn and by an officer authorized to administer oaths. It was not necessary that it

should be subscribed." Such verification was held to be a substantial compliance with the law. *Alford v. McCormac*, 90 N. C., 151.

So, in the case at bar, while the oath was not administered with strict formality, it cannot be said, as a matter of law, that the complaint was unverified.

Affirmed.