JOHN GASTER v. LEAMON GOODWIN, LAYTON DENSON, INDIVIDUALLY AND TRADING AS APEX TAXI COMPANY, AND HUBERT E. GASTER.

(Filed 14 June 1963.)

**1. Appeal and Error § 49—**

When the evidence does not appear of record it will ordinarily be presumed that the court's findings of fact are supported by competent evidence, but this presumption may not be indulged when a party has

requested permission to amend his affidavit to allege crucial facts and the court has refused to allow such amendment.

**2. Judgments § 22—**

While ordinarily the neglect of a reputable attorney authorized to practice law in this State will not be imputed to a defendant who is not himself in default, after counsel has filed answer defendant is required to give the case that attention which a man of ordinary prudence usually gives to his important business, and contact his attorney at reasonable intervals, and if he knows or is chargeable with notice that his attorney has become unable to conduct his case on account of departure from the State, serious illness or mental incapacity, or death, the neglect of the attorney to defend the action when called for trial is not excusable.

**3. Same—**

The record disclosed that defendant employed counsel who aptly filed answer, that the case remained on the civil issue docket for more than ten years when the judge peremptorily ordered it set for trial, that the attorney was notified, and that neither defendant nor his attorney appeared and judgment on the jury's verdict was rendered without defendant's knowledge. There were no findings as to whether defendant was in contact with his attorney at reasonable intervals after answer was filed, or whether the attorney was incapacitated to defendant's actual or constructive knowledge. *Held:* The cause must be remanded for the finding of the crucial facts.

**4. Appeal and Error § 55—**

Where a judgment is entered without a finding of the essential facts the cause must be remanded.

APPEAL by plaintiff from *McConnell, S.J.* (now J.) October 22, 1962, Term of WAKE.

Defendant Layton Denson moved in this cause, pursuant to G.S. 1-220, to set aside a judgment entered in his absence and without his knowledge. Upon an order granting the motion plaintiff prosecutes this appeal.

*Manning, Fulton, Skinner & Hunter, by John V. Hunter, III, for plaintiff.*

*Dupree, Weaver, Horton & Cockman, and Jerry S. Alvis for defendant Layton Denson.*

MOORE, J.  On 8 December 1947 plaintiff instituted an action in the Superior Court of Wake County against defendants Goodwin, Denson (appellee) and Hubert E. Gaster to recover damages for personal injuries suffered by him in a collision of automobiles. At the time of the collision plaintiff was a passenger in a car driven by

Hubert E. Gaster. This car collided with a car operated by Goodwin and owned by Denson, Goodwin's employer.

Summons was personally served on Denson on 11 December 1947. Denson employed Robert W. Johnson, Jr., an attorney of Apex, North Carolina, who prepared and on 5 February 1948 filed a verified answer on behalf of Denson and Goodwin. The answer set up as defenses the sole negligence of Hubert E. Gaster, contributory negligence of plaintiff, and joint venture of the Gasters. The case remained on the civil issues docket for more than ten years. On 18 June 1958 Mallard, J., made an order peremptorily setting the case for trial at the October 1958 term. The order directed the clerk to send copies thereof to the attorneys of record.

The case came on for trial, at the term designated in the order, before *Clark, J.,* and a jury. Neither Goodwin, Denson nor attorney Johnson was present. At the conclusion of plaintiff's evidence Hubert E. Gaster's motion for nonsuit was allowed. The jury answered the negligence and contributory negligence issues in favor of plaintiff and awarded plaintiff $10,000 damages. Judgment was entered accordingly. The judgment recites "that Robert W. Johnson, attorney for Leamon Goodwin and Layton Denson, was duly notified by the Clerk of the Superior Court of Wake County, and in addition thereto was called personally by counsel for plaintiff and advised that the case was ready for trial and that it would be tried on Thursday, October 9, 1958."

On 4 August 1962 (about 4 years after the judgment was entered) execution was served on Denson. Six days later Denson filed a motion in the cause to set aside the judgment on the ground of surprise and excusable neglect, alleging *inter alia* that he had no notice of the trial, he was given no opportunity to present his defense, and he has a good and meritorious defense. After hearing, the court allowed the motion, vacated and set aside the judgment, and reinstated the case on the docket for trial on the merits.

There are seven assignments of error, but we need only to consider on this appeal whether the court heard or permitted to be introduced sufficient competent evidence to warrant a finding of execusable neglect on the part of Denson.

The court below found as a fact that Denson "did in apt time employ duly licensed and qualified attorney to represent his interest; that he communicated to his attorney all of those matters and things relevant to his defense in this action; that he . . . relied explicitly upon his attorney's representation that he could attend to his defense and notify him whenever necessary of all proceedings." There were also

findings that the attorney filed answer in apt time, Denson had no notice of the trial from his attorney or any other source, and he had no knowledge that the judgment had been entered until execution was served on him. The court concluded that Denson was without fault or neglect in his attention to his defense.

Litigation must ordinarily be conducted through counsel and, if there is neglect of counsel, the litigant will be held excusable for relying on the diligence of his counsel, provided he is not in default himself. *Manning v. R.R.*, 122 N.C. 824, 28 S.E. 963. As a matter of necessity a client must rely on his lawyer. *Sutherland v. McLean*, 199 N.C. 345, 154 S.E. 662. This Court has held in many cases that when a client has employed a reputable attorney of good standing, licensed to practice in this State, has put him in possession of the facts constituting the defense, and the lawyer has prepared and filed an answer, if a judgment is obtained for the negligent failure of the attorney to appear and defend the cause when called for trial, the client may have the judgment set aside for surprise and excusable neglect. *Brown v. Hale, ante,* 480; *Meece v. Commercial Credit Co.*, 201 N.C. 139, 159 S.E. 17; *Sutherland v. McLean, supra.* The learned judge below undoubtedly had in mind the long line of cases, of which those next above cited are representative.

This Court has heard appeals in well over a hundred cases involving G.S. 1-220. Some opinions are conflicting; many are apparently in conflict. Be that as it may, in most instances the individual case has been determined upon its own peculiar circumstances. In the instant case the affidavits clearly support the findings of fact set out above, except the finding that Denson "relied explicitly upon his attorney's representation that he could attend to his defense and notify him whenever necessary of all proceedings." The circumstances seem to negative the proposition that appellee was warranted in relying upon such representation of his counsel over the period of ten years from 1948 to 1958. The burden is on movant, and he must show facts not barely sufficient in law to excuse neglect, but so clearly sufficient as to call for the exercise of the discretion of the judge. *Kerchner v. Baker,* 82 N.C. 169.

Where a party knows or is chargeable with notice that his attorney will be unable to conduct his case on account of the attorney's departure from the State, extended serious illness, mental incompetency, or death, the party's inaction will amount to inexcusable neglect. *Land Co. v. Wooten,* 177 N.C. 248, 98 S.E. 706; *Holland v. Benevolent Association,* 176 N.C. 86, 97 S.E. 150; *Cahoon v. Brinkley,* 176 N.C. 5, 96 S.E. 650; *Queen v. Lumber Co.,* 170 N.C. 501, 87 S.E. 325; *Simpson*

*v. Brown,* 117 N.C. 482, 23 S.E. 441; *Kivett v. Wynne,* 89 N.C. 39. The holdings are otherwise where the attorney's illness is sudden and temporary. *Rierson v. York,* 227 N.C. 575, 42 S.E. 2d 902; *Gunter v. Dowdy,* 224 N.C. 522, 31 S.E. 2d 524.

At the hearing on the motion Denson introduced affidavits which tend to establish the following facts (on this record undisputed): The attorney, Robert W. Johnson, Jr., was in early childhood afflicted with polio and as a result he was thereafter a semi-invalid. His physical handicap limited his activities, he often tripped and fell, and when prone could not get up without assistance. He did not keep regular office hours. From about 1955 until the time of his death he was restricted to office practice and did not engage in trial practice at all. He was neither physically nor mentally capable of practicing law during the last few years of his life. He died in 1961.

Plaintiff requested the court to find as a fact that after the answer was filed in early 1948 Denson did not make any inquiry of or address any communication to his attorney. The court denied the request. The record does not show whether Denson was in contact with his attorney at any time after 1948. Judge McConnell's order states that he considered the "verified motion, affidavits and evidence." The record does not set out the testimony of any witnesses or any evidence, other than the original pleadings, the motion and the answer thereto, and affidavits. Ordinarily when testimony is not brought forward in the record, it will be presumed that the court's findings of fact are supported by competent evidence. *Carter v. Carter,* 232 N.C. 614, 61 S.E. 2d 711. But we cannot apply this rule in the present case. When plaintiff requested the finding mentioned above, Denson requested permission to amend his affidavit and motion to show "That after employment of his attorney in early 1948, he was on numerous occasions in contact and communication with his . . . attorney, both socially and professionally. . . ." The court declined to permit the amendment. This request having been denied, we cannot consistently indulge the presumption that the court later heard testimony to that effect.

It appears to us that the crucial point in this case has not been considered. If Denson over the ten year period was in contact with his attorney at reasonable intervals, observed and learned nothing which would put him on notice that the attorney was incapacitated to present his defense, and was assured that his case would be attended to and he would be notified when needed, the court may find that Denson was not in default. On the other hand, if Denson knew that his attorney was not capable of handling his business, or by inaction and inattention neglected to discover the incapacity of his attorney which

had existed over a long period of time, he may not claim the benefit of the statute unless there are other considerations, not appearing on the present record, which might excuse him. There is also the question whether, if Johnson was incapacitated, this fact was known to plaintiff or his attorneys and they failed to so inform the court.

A litigant does not relieve himself of all imputations of negligence under all circumstances when he employs counsel, imparts to him all the facts concerning the defenses, files answer, and then lapses into inaction, relying solely on his attorney. The standard of care a litigant must observe with respect to his case has been repeatedly stated by us. The least that can be expected of a person having a suit in court is that he shall give it that amount of attention which a man of ordinary prudence usually gives to his important business. *Jones v. Fuel Co.,* 259 N.C. 206, 130 S.E. 2d 324; *Sluder v. Rollins,* 76 N.C. 271.

We will not now consider the merits of this controversy, for injustice may be done if we decide the matter without having the essential facts before us. *Gaylord v. Berry,* 169 N.C. 733, 86 S.E. 623. The motion is remanded for rehearing. The parties may, if so advised, request the court below for permission to amend the motion and the answer thereto. All phases of the matter should be fully heard and considered. The conditions precedent to setting aside a judgment for surprise and excusable neglect are stated in *Fellos v. Allen,* 202 N.C. 375, 162 S.E. 905.

Error and remanded.