JOHN F. GRIEL and others *v.* WILLIAM VERNON and others.

The Judge, and not the Clerk of the Court, has jurisdiction under the C. C. P., sec. 133, to relieve upon motion a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable negligence.

A judgment taken by default for want of a plea is a surprise upon a party under the C. C. P., sec. 133, when he has employed an attorney to enter his pleas and such attorney has neglected to do so ; and the neglect of the client to examine the records to see whether his pleas have been entered is an excusable one.

The finding by the Judge of the Superior Court of the facts which, under the C. C. P., sec. 133, are alleged to constitute surprise and negligence, is conclusive and cannot be appealed from, but whether such facts when found constitute surprise or excusable negligence is a question of law, and from the decision of the Judge upon it an appeal may be taken.

The cases of *McAden* v. *Bannister*, 63 N. C. Rep. 478, *Waddell* v. *Wood*, 64 N. C. Rep. 624, and *Staples* v. *Moring*, 4 Ire. Rep. 215, explained, distinguished from this, and approved.

Motion to vacate a judgment made before his Honor, Judge *Clarke*, at the Fall Term, 1870, of WAYNE Superior Court.

His Honor refused to grant the motion and the defendant, Oliver, appealed. The case is sufficiently stated in the opinion of the Court.

*Rogers & Batchelor*, for the defendant.
*Bragg & Strong*, for the plaintiff.

RODMAN, J.   This was a motion by the defendant, Oliver, administrator of Wallace, made at Fall Term, 1870, of Wayne Superior Court, to vacate a judgment recovered against Vernon and himself as administrator. The facts found by the Judge are as follows :

The action was assumsit and was commenced against the

defendants by writ returnable to Spring Term, 1867. Vernon at the request of Oliver retained an attorney to plead for Oliver that he had fully administered the estate of his intestate, and had no assets. The Attorney from some cause not stated, failed to do so; at the return term a judgment by default was taken against the defendants; and at the ensuing term (Fall, 1867,) the damages were assessed by a jury and final judgment was entered. The defendant had no information that judgment had been rendered against him until within twelve months before he made his motion to set aside the judgment; and he has a meritorious defence, in that he has no assets. The Court refused the motion and the defendant Oliver appeals. Two questions are made.

1. It is contended by the plaintiff that the Clerk alone has jurisdiction to set aside a judgment under sec. 133, C. C. P. We think there is no ground whatever for this. "The *Judge* may" "relieve a party from a judgment, &c." The word Judge is no where used in the Code to mean the Clerk. Sec. 108 says that *Court* in certain cases means the Clerk, and in others the Judge. Moreover, sec. 345, subdivision 5, clearly implies that the jurisdiction is in the Judge. Many cases are reported in 63 and 64, N. C. R. of applications to set aside judgments, all of which were made to the Judge. It is true this question was not suggested in any of them; we have therefore considered it as *res integra*, and the Code is clear. We were referred to the case of *McAden* v. *Banister*, 63, N. C. R. 478; but that case is not in point. It was an application to a Clerk to set aside an execution upon a Justice's judgment which he had improperly docketed; an act of his own which the Judge neither actually or by intendment of law had done. Clearly the case did not come within either of sections 133 or 345.

2. It is contended that the mover, Oliver, has not brought his case within the terms of sec. 133. That says that, the

Judge may, "at any time within one year after notice thereof, relieve a party from any judgment order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding." The words used are somewhat comprehensive, and would seem intended to enlarge the class of cases in which Courts heretofore gave similar relief. In this case the party retained an attorney to enter a plea for him; that an attorney should fail to perform an engagement to do such an act as that, we think may fairly be considered a surprise on the client: and that the omission of the client to examine the records in order to ascertain that it had been done, was an excusable neglect. This case does not resemble, *Waddell* v. *Wood,* 64 N. C. R. 624, where the neglect was justly held excused. In *Staples* v. *Moring,* 4 Ire. 215, the plaintiff had employed no attorney. It was further contended that no appeal could be taken from the decision below, as the granting of the motion was discretionary. We think the decision of the Judge involved a question of law. He finds first the truth of the facts alleged as constituting the excuse; his decision on this point is final: secondly he declares whether in law those facts are a sufficient excuse; this is a question of law, just as malice, probable cause, reasonable time, &c.

The judgment below is reversed, and the case is remanded to be proceeded in, in conformity to law.

PER CURIAM.                                    Judgment reversed.