## J. STRIKER BRADFORD v. WILLIAM A. COIT.,

*Practice--Parties--Negligence of Counsel -Vacation of Judgment--*
*Excusable Neglect.*

1. Although no one can be made a party to an action otherwise than by his consent or upon proper notice, yet if after an order of Court making: one a party without his consent and without notice, he appears by counsel and obtains time to file pleadings; *Held,* That the irregularity is thereby waived and he stands in Court a party confessed.

2 Where one employs counsel to enter his defence to an action and counsel failing to do so, judgment is given against him, it is excusable neglect and the judgment should be vacated. But other negligence of counsel or his mismanagement of the case, or his unfaithfulness, are matters to be settled between client and counsel and no harm must be allowed to befall the other side on account thereof.

3. Where a case was set for trial by consent on a certain day, and it appeared that a party had not determined to attend Court until after the term begun, and not then unless advised by counsel that it was absolutely necessary, and after correspondence with his counsel concerning: the trial of the case, failed to leave home in time to reach Court before the trial, and judgment was taken against him ; *Held,* not to be excusable but gross neglect, and the Court below erred in vacating the judgment.

(*Griel* v. *Vernon,* 65 N. C. 76, cited, distinguished and approved.)

MOTION to set aside a Judgment in favor of the defendant upon a counter-claim set up in his answer in an action by the plaintiff, heard at Spring Term, 1877, of ROWAN Superior Court, before *Kerr, J.*

At Spring Term, 1876, of said Court, one Mauney brought an action against the defendant and one Howes, upon certain drafts of Howes, alleging that Coit was a secret partner of Howes, and that Howes was the agent of Coit. At the same term, Coit filed his separate answer denying the allegation and upon information and belief alleged that the plaintiff, Bradford, had become one of the real owners of said supposed causes of action, and moved the Court to make:

Bradford *v.* Coit.

Bradford a party plaintiff. The Court allowed the motion, no notice of which was ever served upon Bradford. Thereupon Coit filed a supplemental answer in which he alleged that Bradford was indebted to him in a considerable sum, and at the next term of the Court obtained judgment by default against Bradford upon his counter-claim in the sum of $21,766.25. At this term, Bradford's attorney notified Coit that he would move the Court then in session, and in the event the motion was not heard, then at the next term, to set aside and vacate said judgment. Mauney was permitted to take a non-suit and no further action was taken against Howes.

When Coit filed his answer setting up said counter-claim, Bradford by his attorney obtained leave for further time to file his reply and the entry, "leave until the 1st of July, 1876, to file replication" was made upon the docket. This entry escaped the notice of Bradford's attorney, and he failed to notify Bradford who was a non-resident. On the 1st of November, 1876, being Wednesday of first week of Fall Term, 1876, Bradford wrote to his attorney at Salisbury, notifying him of his intention to be present at Fall Term, 1876, if his presence should be deemed absolutely necessary, stating in said letter, that he was indisposed and scarcely able to start. Bradford received no reply to this letter, but on Monday the 6th of November, he received a telegram from his attorney stating that Coit was pressing for a judgment on his counter-claim, and that the motion would be heard on the next Wednesday. The telegram was sent on the 4th, but not delivered until the 6th, in consequence of Bradford having changed his office and having failed to call for a telegram, and on the following morning Bradford started from his place of residence in Washington City for Salisbury. Having learned that the steamer from Washington made direct connection South, he took passage for Richmond in time to reach Salisbury on Wednesday morning; but on ar--

riving and finding that there was no train for Salisbury until the next morning, he sent the following telegram to his attorney ; "Expect me to-morrow, Wednesday evening. Keep motion over until Thursday."

He accordingly did arrive in Salisbury on Wednesday evening, but after the judgment on said counter claim had been rendered against him.

That besides the irregularity of the proceedings by which Bradford was made a party plaintiff without notice and against his will, and the original plaintiff permitted to take a non-suit, the said Bradford had a meritorious defence to the counter-claim set up by Coit.

His Honor after finding the facts as above, held that the judgment obtained by Coit was irregular, and a surprise upon Bradford whose neglect was excusable, and ordered that the same be set aside and vacated. Appeal by defendant.

*Messrs. Kerr Craige* and *Armistead Jones*, for plaintiff.
*Messrs. W. H. Bailey* and *J. M. McCorkle*, for defendant.

READE, J. No one can be made a party to a suit except by his own consent or by service of process or in some cases by public advertisement. And therefore the plaintiff insists that the order of the Court making him a party without his consent and against his protest and without service of process was irregular and void.

That is clearly so if the plaintiff had stood upon it ; but after the order was made he came into the Court by counsel and asked for time to make his answer to the counter-claim of the defendant which was filed against him. And time was given him until the 1st of July, which was some time before the next term of the Court. This was a waiver of the irregularity of making him a party, and he then and there and thenceforth stood in Court a party confessed.

The plaintiff did not file an answer to the defendant's counter-claim on the 1st of July as he had obtained leave to do, nor at any other time. At the next term of the Court and during the first week thereof the following order was made. " By agreement of counsel this cause is to be called and tried peremptorily on Wednesday, the 8th of November, 1876," which was the second Wednesday of the term, and on that day it was tried, and the defendant had a verdict and judgment upon his counter-claim against the plaintiff under the Code. This is a motion to vacate the judgment under C. C. P. § 133, for "excusable neglect" on the part of the plaintiff.

1. In the first place as an excuse for not filing his answer by the 1st of July, he says, that his counsel overlooked the entry on the record limiting the time to the first of July, and therefore did not inform him of it.

We have said that where a party employs counsel to enter his plea and the counsel neglects it, in consequence of which, judgment is given against the party, it is excusable neglect in the party and the judgment may be vacated. *Griel* v. *Vernon*, 65 N. C. 76. In which case it could scarcely be said that there was any neglect at all of the party, for he could not enter the plea himself: It was the peculiar duty of counsel and for which he had been specially employed. The party had done all he could do, and he had no reason to suppose that the counsel would neglect so plain a duty. The party was really in no fault at all. But other negligence of counsel, or mismanagement of the case, or unfaithfulness, are matters which may be settled between client and counsel. No harm however must be allowed to befall the other side on account of it. We do not know that it was the duty of plaintiff's counsel to inform him that he was limited to the 1st of July to file his answer. That would depend upon the terms of his employment and upon circumstances of which we may not be informed. It may be that the plain-

tiff knew the fact. And it does not appear that the plaintiff suffered any harm by it. It does not appear that he would have filed an answer if he had known it. It rather appears that he would not; for taking it upon his own allegation that he thought he had until the next term to file it, it does not appear that he offered to file it at the next term and was refused, or that he would have been refused. In the correspondence between him and his counsel before Court, there is no mention by either of filing an answer at Court. None was filed and he was not even present to file it, and a day was fixed for trial by his counsel without reference to it. So far from his failing to file an answer being excusable neglect, it is the merest pretext.

2. In the second place, the plaintiff says that his failure to attend the trial was excusable neglect. And yet it appears from his affidavit that he had not made up his mind to attend the Court at all until after the term commenced, and not then unless his counsel should advise him that it was "absolutely necessary." He says that on the 1st of November, two days after the Court commenced, he being in Washington City, "addressed a letter from his office in Washington to his said attorney asking if it is absolutely necessary that this affiant should be here at the present term of the Court, and requesting his said attorney to telegraph him immediately of such necessity." *Note*, he did not *telegraph* his attorney as he ought to have done. His attorney did telegraph him on the 4th that the case was set for the 8th, which telegram he says he did not receive until the 6th. And yet there is notning to show that he might not have received it on the 4th, if he had called for it, as he would have done if he had felt any interest in it. Even then there was time enough for him to reach Court before the trial; but he did not start until the 7th, and then instead of taking a route, as he might have done, which would have enabled him to reach Court on the morning before the trial,

he took a route which, running upon its regular time, did not reach Court until after the trial.

This is not excusable but it is gross neglect. And the presumption is reasonable that he was manœuvering for delay. He pretends that he wanted to answer. Why then did he not appear at the beginning of the Court, if not on the 1st of July, and answer? Did he or his counsel suppose that even if he had been present at the trial that he could have put in his answer and tried the case all at once? What did he mean in his aforesaid letter to his counsel on the 1st of November, by ' unless it is *absolutely necessary* that I shall be there at this term of the Court," if he was not looking to delay?

There is error. This will be certified.

PER CURIAM.                                    Judgment reversed.