* HYMANS & DANCY v. ALANSON CAPEHART.

*Motion to set aside Judgment—Excusable Neglect.*

Where a defendant in a civil action wrote to his regular attorney who lived in Northampton county, and notified him that he was summoned to appear at Fall Term, 1876, of Wayne Superior Court, but did not request him to attend to the case and took no further notice of it himself; his attorney did not attend the Courts in Wayne or reply to defendant's letter, but overlooked the matter; and judgment by default was regularly entered, of which the defendant had actual notice in January, 1877;

*It was held*, that he was not entitled on a motion made in December, 1877, to have the judgment set aside on the ground of surprise, inadvertence or excusable neglect under C. C. P. § 133.

(*Griel* v. *Vernon*, 65 N. C. 76; *Burke* v. *Stokely*, Ib. 569, cited, distinguished and approved.)

MOTION to set aside a judgment heard at Chambers, before *Seymour*, *J.*

The facts appear in the opinion. His Honor refused the motion and the defendant appealed.

*Messrs. G. M.* and *A. K. Smedes*, for plaintiffs.
*Messrs. W. T. Dortch & Son*, for defendant.

FAIRCLOTH, J. Motion to set aside a judgment on the

---

* Smith C. J. did not sit on the hearing of this case.

ground of " mistake inadvertence, surprise or excusable neglect " under C. C. P., § 133. His Honor finds these facts: Summons returnable to Fall Term, 1876, of Wayne Superior Court when judgment by default was regularly entered. Defendant had actual notice thereof in January, 1877, and made his motion to set it aside in December, 1877. Defendant wrote a letter to his regular attorney in Northampton county, who did not practice in Wayne county, informing him of the action but did not request him to defend it or send him a retainer. The defendant received no reply to this letter and took no further steps in regard to the action. The attorney in question received the letter but overlooked the matter and no defence was made. Upon these facts His Honor held that they did not present a case of surprise, inadvertence or excusable neglect, and in this opinion we concur. The defendant did not attend Court himself or write to an attorney of the Court in which the action was, or even ascertain that his letter was received or that his regular attorney would undertake to attend to the case. This was not such attention as men of ordinary prudence usually give to important business.

In *Griel* v. *Vernon*, 65 N. C., 76, the motion to set aside was allowed on the ground that the defendant had actually employed an attorney, and his failure to plead was a surprise to his client, who had done all that could be reasonably required of him.

The case of *Burke* v. *Stokely*, 65 N, C., 569, is very much like, and governs the present case. There, an attorney was not employed and therein differs from the case above cited, but a letter merely was sent and it did not appear whether it was received or not.

The burden of showing proper grounds for relief is always on the party seeking to vacate the judgment.

No error.                           Judgment affirmed.