SARAH A. FRANCKS v. W. J. SUTTON, Sheriff.

*Excusable Negligence—Amercement of Sheriff.*

On motion to set aside a judgment against defendant sheriff for an al-
leged failure to make due return of process, the facts of this case en-
title him to relief under section 133 of the Code. (Proceeding to change
a conditional into an absolute amercement, discussed by SMITH, C. J.,
(*Thompson* v. *Berry*, 64 N. C., 79, cited and approved.)

MOTION of defendant to set aside a judgment on the ground
of excusable negligence, heard at Spring Term, 1881, of
JONES Superior Court, before *Graves, J.*

The motion was allowed and the plaintiff appealed.

*Messrs. Simmons & Manly*, for plaintiff.
No counsel for defendant.

SMITH, C. J.    The facts found by the court clearly bring
the present application within the provisions of section 133
of the Code, as it has been heretofore construed, and au-
thorize the exercise of the discretion conferred in setting
aside the judgment.    The defendant who had been amerced
*nisi* for an alleged failure to make due return of an execu-
tion issued to him, as sheriff of Bladen, at the plaintiff's in-
stance from the superior court of Jones, had filed his an-
swer to the plaintiff's complaint; had from the beginning
of the action employed counsel for his defence; had with
his counsel attended at a previous term of the court, and on
the day appointed for the hearing, but before which the
session had ended, was assured by his counsel that he had
given the necessary attention for the protection of the de-
fendant; did not know until late Tuesday night of the term
when the judgment was made absolute, and it was not prac-
ticable for him thereafter to reach the court, distant two
days travel from his own residence, in time for the trial, and

to maintain his defence; and the judgment was entered upon motion, in the absence of his counsel and himself, and without evidence upon the matters controverted in the pleadings.

It is also found that the defendant was at the time engaged in official duties before the board of county commissioners of his own county.

If this be not a case of neglect *excusable* under the statute, we should be at a loss to find one that does come within its purview. But we have had occasion at the present term to consider the subject in the case of *Wynne* v. *Prarie, ante,* 73, and it is needless to add to what is said in the opinion in that case.

But the plaintiff insists that her proceeding to change the conditional into an absolute amercement, required the defendant to show cause on oath, and that his answer, not being sworn to, is a nullity and was properly so regarded when final judgment was rendered.

But while this would be so if the plaintiff had pursued the course pointed out in the act of 1872, enacted soon after the decision in *Thompson* v. *Berry,* 64 N. C., 79, in which it was held that the penalty given against a defaulting sheriff for his failure to make due return of process (Bat. Rev., ch 106, § 15) must be enforced under the Code, by an action begun by summons and prosecuted as there directed, the plaintiff has elected to pursue the latter course, by issuing and causing to be served on the defendant, a summons for relief, and filed his complaint, not under oath, specifying the relief she demands. The defendant is thus at liberty to assert his defence to the demand in an unverified answer, and thus to make the issues by which his liability is to be tested, in the same manner in which the plaintiff asserts her claim to the penalty.

The service of the notice to be given by the clerk under the statute (Bat. Rev., ch. 17, § 259d) of " a motion for a judg-

ment absolute, or for execution" after judgment *nisi* has been entered, would have conveyed information of the nature of the claim and of the prior action of the court, and called on the officer to show cause upon his affidavit; but the process used gives no information itself, but refers to the complaint to be filed as showing the cause of action.

When the plaintiff seeks the remedy by an independent action, which was open to her by the summary method of a rule, she gives to the defendant an equal right to avail himself of the mode of defence applicable to actions prosecuted under the new practice.

The ruling of His Honor might be sustained therefore upon the ground of the irregularity in which the judgment was entered up, without ascertaining the disputed facts in any way, as because the neglect of the defendant to be present at the trial was excusable, and warranted the exercise of his discretion which is not subject to our review.

It must be declared there is no error in the order vacating the judgment, and the cause must proceed in the court below, and to this end let this be certified.

No error.                          Affirmed.