J. W. TAYLOR and wife v. HENRY POPE.

*Excusable Neglect—Judgment by Default—Findings of the Court.*

1. Where a defendant employed counsel before the return term, and himself attended Court at that term for four days, and was then told by his attorney that his case should be attended to, and, relying upon this, he left, and judgment by default was entered against him: *Held*, to be a case of excusable negligence under *The Code*, section 274.

2. This Court will not review the facts in such case found by the Court below.

3. Where the Court below, adopting the findings of a former Judge, states of record that his own findings were after careful consideration of the evidence, etc.: *Held*, that this Court cannot entertain suggestions, on argument, that all the evidence had not been considered.

4. Discussion by MERRIMON, C. J., as to what constitutes excusable neglect.

MOTION, to set aside judgment, heard at Fall Term, 1889, of CUMBERLAND Superior Court, before *Shipp, J.*

This was a motion to set aside a judgment obtained by the plaintiffs for want of an answer, because of excusable neglect, as allowed by the statute (*The. Code*, § 274). The following is the material part of the entry and the findings of fact by the Court and its judgment thereupon:

"Motion to set aside judgment by default rendered at May Term, 1888, being the same cause heard and allowed by his Honor James E. Shepherd, at Chambers, at Wadesboro, September 7, 1888, reported in 101 N. C., 368, and now heard, by agreement of counsel, upon the merits, in open Court, William M. Shipp, Judge presiding.

"After a careful consideration of the evidence, by affidavit, on both sides, I concur in the findings of facts, as stated

and on file, by his Honor, Judge Shepherd, and also concur in his conclusions of law," which are as follows:

" That the defendant was duly served with a summons in this case, returnable to the May Term, 1888, of the Superior Court of Cumberland County; that before said term the defendant employed an attorney who practiced in said county, and paid him a retainer to attend to this case; that he and his attorney were both present at said term, the defendant remaining four days, his attorney remaining longer. The defendant knew of the pendency of this suit at said term, and reminded his attorney of it, and relied upon him to advise him as to all things necessary to its defence, and depended upon him for instructions as to what should be done; that his attorney assured him that he would attend to the case. The defendant put his counsel in full possession of the facts relied upon for his defence, and showed him his deeds constituting his title; that after remaining at said Court four days, he left, under the assurance of his said attorney that he would attend to the case, and that all would be done that was necessary; that the attorney failed to attend to the case, and judgment was rendered by default against the defendant; that defendant has, apparently, a meritorious defence.

" That a verified complaint was filed on the second day of the said May Term, and no answer, bond, or affidavit in lieu of a bond, were filed ; that the attorney looked for the case on the docket, but erroneously supposed that the suit was brought to Harnett County; that the case was regularly docketed and could have been found by a careful inspection."

The Court, therefore, gave judgment as follows:

" It is considered and adjudged that said judgment by default be set aside, and that defendant be allowed to file answer, he having already, in compliance with the terms imposed, paid the costs and filed bond, approved by the Clerk, for costs and damages."

From this judgment the plaintiffs, having excepted, appealed to this Court.

*Messrs. T. H. Sutton, W. E. Murchison* and *N. W. Ray,* for plaintiffs.
*Messrs. R. P. Buxton* and *D. H. McLean,* for defendant.

MERRIMON, C. J.: This Court has no authority to review, change or modify, in any respect, the findings of fact by the Court below in matters purely legal in their nature. *Coates* v. *Wilkes,* 92 N. C., 376. Nor has it such authority in motions to vacate orders of arrest, warrants of attachment, to set aside judgments because of mistakes, inadvertence, excusable neglect and the like *Clegg* v. *Soapstone Co.,* 66 N. C., 391; *Greensboro* v. *Scott,* 84 N. C., 184; *Burke* v. *Turner,* 85 N. C., 500.; *Hale* v. *Richardson,* 89 N. C., 62; *Winborne* v. *Johnson,* 95 N. C., 46; *Branch* v. *Walker,* 92 N. C., 87.

The counsel of the appellants insisted on the argument that it sufficiently appeared from the record that the Court below had not considered all the evidence produced in opposition to the motion, and had not properly found the facts, in that it adjudged the findings of fact ·by another Judge who had heard the evidence, &c. We must be governed by the record, and the Court states therein that, "after a careful consideration of the evidence by affidavits on both sides," it concurs with the former findings of fact by another Judge. This implies, plainly, that the Court had examined and considered all the evidence submitted, and it adopted the former findings, already drawn out and in writing, for convenience. That is the fair and reasonable inference. It is not to be presumed that a learned and just Judge would trifle in the discharge of his duties by accepting the findings of fact by another that he ought himself to make. The presumption is to the contrary. If, upon a careful consideration of the evidence, the Court found the facts to be as

did his predecessor on a former like occasion in the same matter, the mere fact that he adopted the findings of fact as set down in writing is not good ground of exception or objection. *Silver Valley Mining Co.* v. *Baltimore Smelting Co.*, 99 N. C., 445.

This Court must adopt the facts as found by the Court below, and the single question presented by the record for its decision is, Was there, in any reasonable view of the facts as they appear, "mistake, inadvertence, surprise or excusable neglect" on the part of the appellee defendant in his failure to appear and make defence to the action in time? If there was, then this Court cannot review the exercise of discretion of the Court below in granting the motion to set the judgment aside. *Branch* v. *Walker, supra; Foley* v. *Blank*, 92 N. C., 476; *Beck* v. *Bellamy*, 93 N. C., 129; *Winborne* v. *Johnson, supra.*

We think clearly there was "mistake, inadvertence, surprise or excusable neglect," such as warranted the action of the Court in granting the motion to set the judgment aside. The defendant manifestly intended in good faith to make defence in the action, and to that end, in apt time, employed and instructed counsel to represent him therein. He attended the Court at the return term for the purpose of giving attention to the action, and remained there four days, reminding his counsel, who was there, that he had been served with a summons returnable there and then. His counsel assured him that "he would attend to the case." With this assurance, he left the Court, leaving his counsel still in attendance. He was thus reasonably diligent. His counsel was less so, but the latter was misled by his expectation that the action had been brought in the Superior Court of Harnett County, where, regularly, it should have been brought. The counsel's *laches* as to his duty to enter his appearance and file proper pleadings, cannot be attributed to the defendant and allowed to prejudice him.

In *Griel* v. *Vernon*, 65 N. C., 76, this Court said: " In this case the party retained an attorney to enter a plea for him; that an attorney should fail to perform an engagement to do such an act as that, we think may fairly be conceded a surprise on the client; and that the omission of the client to examine the records in order to ascertain that it had been done was an excusable neglect." That case was recognized in the respect just mentioned, with approval, in *Bradford* v. *Coit*, 77 N. C., 72, and *Wynne* v. *Prairie*, 86 N. C., 73; *Francks* v. *Sutton, id.*, 78; *Geer* v. *Reams*, 88 N. C., 197, are all cases much in point and to the like effect.

It was objected further, that the defendant failed to execute and file with the Clerk of the Court an undertaking, as required by the statute (*The Code*, § 237), in order to entitle him to plead in the action, and it was no part of the duty of the counsel to prepare and give such undertaking. But it must be said that the defendant was in attendance on the Court for four days, to give attention for that or any other like purpose in the action, and, under the circumstances, was misled and chargeable with only excusable negligence. Moreover, if his counsel had entered his appearance, no doubt the Court would, in view of the misleading facts and the diligence of the defendant, upon application of the counsel, have extended the time within which he might give the required undertaking.

On the argument, one or two other questions were discussed, but they are not presented by the record and we are not called upon to advert to them.

There is no error. The judgment must be affirmed, and the action disposed of in the Court below according to law.

Affirmed.