GEORGE O. GAYLORD v. LEVI BERRY.

(Filed 27 October, 1915.)

**1. Judgments—Motions—Meritorious Defense—Findings—Prima Facie Case—Trials—Questions for Jury.**

Upon motion to set aside a judgment for excusable neglect, where matters are stated by affidavit and relied upon as constituting a meritorious defense, the judge of the Superior Court hearing the motion should make his findings of fact from the matters set forth and draw his conclusions of law therefrom as to whether a *prima facie* case has been established; and if the movant in good faith shows facts which raise an issue sufficient to defeat his adversary, if found in his favor, this issue should be determined by the jury.

**2. Appeal and Error—Findings of Fact—Judgments—Excusable Neglect—Questions for Court.**

Upon appeal from the refusal of the Superior Court judge to set aside a judgment for excusable neglect where matters are alleged and relied upon as constituting a meritorious defense, the findings of fact of the judge will not be reviewed on appeal, but whether upon the facts found excusable neglect has been *prima facie* shown is a matter of law reviewable on appeal.

**3. Judgments—Motions—Excusable Neglect—Evidence Sufficient.**

Upon motion to set aside a judgment for excusable neglect, a *prima facie* case is shown by defendant, the movant, when he has established the facts that he employed and paid an attorney regularly practicing in the county wherein the action had been brought; that he put the attorney in possession of the facts relied upon as a defense; that the attorney promised to attend court and look out for the movant's interests, but failed to file an answer, and judgment by default was entered against him; that the movant acted with ordinary prudence and was not, himself, in default, and that his attorney is insolvent.

**4. Appeal and Error—Motions—Judgments—Excusable Neglect—Insufficient Findings—Case Remanded.**

On this appeal from the refusal of the judge of the Superior Court to set aside a judgment on the ground of excusable neglect, with proper allegation of facts upon the question of a meritorious defense, the case is remanded to the lower court with directions to set aside the findings and make new and fuller findings of fact, with leave to the parties to file additional affidavits, if they are so advised.

APPEAL by defendant from *Wedbee, J.,* at chambers; from BRUNSWICK.

Civil action, heard at chambers, on 4 May, 1915, upon motion of defendant to vacate the judgment therein.

The defendant had executed a mortgage to one J. R. Green, on his homestead in Brunswick County to secure a debt of $377.50. After the debt fell due, and was not paid, as alleged by Green, the latter advertised and sold the land under the power contained in the mortgage, and it was bought by the plaintiff, to whom a deed was executed by Green. Plaintiff then commenced this action for the possession of the land, obtained judgment by default for the want of an answer, and caused a writ of possession to be issued. Defendant moved to set aside the judgment on account of surprise, mistake and excusable neglect, and he alleged that as soon as the summons in this action was served upon him, he employed a reputable attorney to defend the action in his behalf and informed him of the facts; and that he had a good defense, and that his attorney failed to attend the court, for some reason not appearing, but without defendant's fault, after having promised him that he would give the matter proper attention, and specially that he would attend March Term of the court, the return term, enter an appearance for him and take charge of the defense. This he did not do, and judgment was taken against defendant, without his knowledge, until a few days after court

had adjourned. That he had satisfied the debt before the sale under the mortgage was advertised, and that his wife's signature to the mortgage was a forgery, as she had refused to sign it or to submit to a privy examination, none having been taken. J. R. Green was not examined as a witness to disprove this allegation of payment, though there was some evidence, if not very clear and convincing, and given only upon recollection, that the privy examination was regularly taken, but the notary admitted that there had been objection by the wife, due to her daughter's advice. There was other evidence not necessary to be stated. The judge decided that there was no excusable neglect, and no meritorious defense. He refused the motion. Defendant excepted and appealed.

*C. Ed. Taylor for plaintiff.*
*John D. Bellamy for defendant.*

WALKER, J., after stating the case: We do not think the findings of fact are sufficient for us to decide this matter without the danger of doing injustice to one or the other of the parties. The court refers to the affidavits and finds from them, but without stating the particular facts upon which he bases his opinion in law, that defendant has no meritorious defense. He seems to have passed upon the truth or falsity of the defense set up, and not to have treated it as presenting a *prima facie* case, which he should have done. Where a party, in good faith, shows facts which raise an issue sufficient to defeat his adversary, if it be found in his favor, it is for the jury to try the issue and not for the judge, who merely finds whether on their face the facts show a good defense in law; otherwise, the defendant, though he establish ever so clear a case of excusable neglect entitling him to have the judgment set aside, would be deprived of the right of trial by the jury of the issue thus raised. As the court has referred to what is stated in the affidavits as the ground of the ruling that there is no meritorious defense, we have examined them and find that they do state such a defense, if they correctly aver the facts, and especially when considered in connection with other circumstances. The court should have stated what the defense was, or the facts in regard to it, so that this Court could pass upon its legal merit. *Marsh v. Griffin,* 123 N. C., 660; *Oldham v. Sneed,* 80 N. C., 15; *Smith v. Hahn, ibid.,* 240; *Bryant v. Fisher,* 85 N. C., 69; *Winborne v. Johnson,* 95 N. C., 46; Clark's Code (3 Ed.), p. 310. We cannot review or reverse the judge's findings of fact on a motion of this kind, but we can revise his ruling upon the law, if erroneous, and what is excusable neglect is a question of law. *Powell v. Weith,* 68 N. C., 342.

If this defendant retained a reputable attorney, who regularly practiced in Brunswick Superior Court, paid him $35 as his fee; ap-

prised him of the facts, and the attorney promised to attend court and look after the defendant's interests, all of which he says was done, and the attorney failed to file an answer, and the defendant was not in fault himself, but acted with ordinary prudence, this would constitute excusable neglect. *Francks v. Sutton*, 86 N. C., 78; *English v. English*, 87 N. C., 497; *Wiley v. Logan*, 94 N. C., 564.

The standard of care required of a defendant is that which an ordinarily prudent man bestows upon his important business. *Roberts v. Allman*, 106 N. C., 391. In finding whether such care has been exercised the Court will consider, of course, all the facts and circumstances of the particular case. The attorney was not examined, nor was J. R. Green, the creditor, as to the allegation of the defendant that the debt had been satisfied. We do not, though, now decide upon the merits, as the findings of fact are too meager for that purpose. It was stated here and not denied, that the attorney is insolvent, and therefore defendant has no available remedy against him for failing in his duty. It may be that all the matters will be, hereafter, more fully explained and more clearly stated, and some missing facts supplied. All we now do is to remand the case, with directions that the court below set aside the findings and make new and fuller findings of fact, with leave to file additional affidavits, if the parties are so advised.

We attach no legal importance to what was done at Whiteville, N. C. It has no semblance of a judicial proceeding, but seems to have been merely an informal request, addressed to the judge, to set aside. There was no writing, and no record of it was made. It is difficult to understand whether the court refused the motion upon the ground that there had been a previous adjudication of it, or that there was no excusable neglect, or because the defense set up was not meritorious. We will not consider the merits, though, as injustice may be done if we should do so without all the essential facts being before us. The questions as to what constitutes excusable neglect and what is a meritorious defense are discussed in *Sircey v. Rees' Sons*, 155 N. C., 296.

Remanded.