JOHN D. GALLINS ET AL. v. GLOBE-RUTGERS FIRE INSURANCE COMPANY.

(Filed 14 November, 1917.)

**1. Judgments by Default—Pleadings, Filing—Clerks of Court.**

Pleadings should be filed with the clerk of the court of the proper county, and when a proper answer to a complaint has been mailed in time to reach the clerk, and he has failed to get his mail on that day, the last one of the term, and it was in the clerk's office, on his desk, unopened, when the judge signed judgment for plaintiff by default, the neglect, if any, was that of the clerk, for which the defendant is not responsible, and upon a *prima facie* case of a meritorious defense shown, the judgment should be set aside.

**2. Attorney and Client—Venue—Presumptions—Duty of Attorney.**

An attorney, resident in an adjoining county to that of the venue of an action, 28 miles from the county-seat, with several daily trains passing between the two cities, may fairly be presumed to be a regular practitioner of that county, nothing else appearing.

**3. Same—Laches of Attorney.**

Where a corporation has employed an attorney to defend an action against it, who has prepared an answer, which has been properly verified, and in his absence the agent of the defendant mails it to an adjoining county, that of the venue, and it is received by the clerk of the court in time, but remains unopened at the last day of the pleadings term until after a judgment by default has been signed, and the judge has left the court-room: *Held*, while it was the duty of the attorney to have filed the answer in time, the defendant, not being in default, will not be held responsible for his neglect therein.

**4. Judgments by Default—Meritorious Defense—Prima Facie Case—Issues.**
To set aside a judgment for default of an answer, it is necessary that defendant show only *prima facie* that he has a meritorious defense; and where the proposed verified answer has been filed in support of the motion, raising an issue of fact necessarily to be determined before judgment can be rendered, it is sufficient.

MOTION to set aside judgment against defendant, heard before *Harding, J.,* at March Term, 1917, of FORSYTH.

The court denied the motion, and defendant appealed.

*Louis M. Swink, Gilmer Korner, Jr., and A. E. Holton for plaintiff. Manly, Hendren & Womble for defendant.*

BROWN, J. It appears from the findings of fact that the summons was returnable to February Term, 1917, of the Superior Court of Forsyth County; that this term expired by limitation of law on Saturday, 24 February; that the judge left the bench about 5:30 p. m., without formally adjourning the court. Judgment by default, for want of an answer, was entered about 5 p. m.

It appears that R. J. Hobbs, of Greensboro, N. C., was attorney for defendant, and prepared the answer that is set out in the record. The answer was verified by Paul W. Schenk, State agent of defendant, on 22 February, and duly forwarded by registered mail on 23 February, to C. M. McKaughan, who is Clerk of the Superior Court of Forsyth County. The package reached Winston-Salem at 9:15 a. m., 24 February. The clerk did not get his mail until 4 p. m., when the package containing the answer reached his office. The clerk did not open his registered mail until after the judgment by default had been rendered, but the answer was in his office and on his desk at that time.

We are of opinion that the court should have set aside the judgment by default.

1. The answer was duly verified by the proper agent and mailed to the clerk in time to have reached his office on the morning of the 24th, and to have been duly filed in the record of the case. Pleadings are not required to be filed with the judge, but with the clerk. The agent of defendant had a right to expect that the clerk would receive his mail on the morning of the 24th and open it. Had the clerk not neglected to send for his mail, the answer would have been duly filed in the records of the case on the morning of that day. As it was, the answer had been received by the clerk an hour before the judgment by default was rendered, and it was the clerk's delay in not opening the registered letter that prevented the answer from being placed in the records of the case. It is a universal custom among attorneys practicing in different counties to mail pleadings.

to the clerks of court, who place them in the proper files. We think the defendant had a right to suppose that the clerk would receive and open his mail in time to file the answer.

2. It appears that R. J. M. Hobbs, an attorney, of Greensboro, had been retained as counsel for the defendant, and had prepared the answer; that he was detained in the eastern part of the State; that the agent, Schenk, had expected Hobbs to return in time to attend to filing the answer, but, finding that Hobbs was detained, mailed it direct to the clerk. There is no finding that Hobbs did not practice regularly in the Superior Court of Forsyth County. It is a fair presumption, in the absence of such finding, that he did, as he resided within 28 miles of the county-seat, with several daily trains connecting the two cities. Hobbs is a resident practitioner of an adjoining county, licensed to practice in the courts of this State. It was his duty to file the answer. He was detained in the eastern part of the State. Ascertaining this, the State agent of defendant did all he could do when he mailed the answer directly in ample time to the clerk.

Assuming that Hobbs was negligent, the relation of attorney and client existed between Hobbs and defendant. The latter was in no default and will not be held responsible for the negligence of its counsel in failing to perform an act exclusively within the line of his professional duties. The case, we think, falls clearly within the rule laid down in *Seawell v. Lumber Co.*, 172 N. C., 324.

3. The answer is duly verified and is sent up as a part of this record. It is only necessary, upon a motion to set aside a judgment by default, that the defendant show *prima facie* that he has a good defense. *Schiele v. Ins. Co.*, 171. N. C., 426.

The action is brought to collect an insurance policy issued by defendant upon certain property belonging to plaintiff. In the complaint it is alleged that certain bowling alleys were covered by the policy and by mutual mistake omitted. This is denied in the verified answer.

It is manifest that the answer sets up a *bona fide* defense, raising an issue to be determined before judgment can properly be rendered.

Error.