### J. D. GRANDY v. CAROLINA PRODUCTS COMPANY.

(Filed 8 May, 1918.)

**Judgments—Appearance—Trials—Default—Attorney and Client—Laches—Motions.**

The plaintiff allowed the return term of court to pass without filing complaint, and also negligently delayed filing reply after the answer, alleging a counterclaim had been filed. The defendant's attorneys were

nonresident of the county, but practitioners therein, and repeatedly in-formed their client that no advantage could be taken by plaintiff, and they knew that the case would not be reached, according to the usual setting of the trial calendar, until a year or more thereafter. The reply was filed near the end of a term, the case specially set by the judge and called therein, but continued to a fixed time at the next term with order to notify defendant's attorneys. The only notification was by sending a copy of the calendar by mail in an unsealed envelope, showing the setting thereon of the case in question. A meritorious defense being shown on defendant's motion to set aside the judgment consequently rendered by default, it is *Held*, the action of the trial court in setting aside the judg-ment for excusable neglect was not erroneous; and even if the defendant's attorneys were in laches, it would not bind the defendant, who had shown himself free therefrom.

CLARK, C. J., dissenting.

APPEAL by plaintiff from order of *Webb, J.,* made 9 October, 1916; from MECKLENBURG.

This is a motion to set aside a judgment on the ground of excusable neglect. The judge found the facts, and among others that the defendant has a meritorious defense. The motion was allowed, and the plaintiff excepted and appealed.

*Thomas W. Alexander for plaintiff.*
*Kenan & Wright and Stewart & McRae for defendant.*

ALLEN, J. The summons was served on the defendant on 6 October, 1916, but the complaint was not filed until 9 January, 1917, three months later, although due at the October Term of Court.

The answer, which denied the plaintiff's cause of action and alleged a counterclaim, was filed 23 January, 1917, twelve days after the com-plaint, and the reply on 9 February, 1917, seventeen days after the answer.

The reply was filed during a term of court which began 5 February, 1917, and the action was set for trial 12 February, 1917, three days after issue joined.

It thus appears that the defendant had the opportunity to move to dismiss the plaintiff's action for failure to file complaint within the statutory time, and to move for judgment on his counterclaim at the beginning of the February term for want of a reply.

The attendance of the defendant and its counsel on 12 February could not reasonably be expected, nor could a trial be anticipated when the filing of the reply was delayed until after the term of court began, and this is not urged as negligence. .

The judge who presided at the February term saw and appreciated the situation, and he directed that the trial be postponed and the cause

set for hearing on 14 March, 1917, and that the defendant be notified of his order.

No notice was sent to the defendant except a copy of the calendar was mailed to counsel as second-class matter, and was overlooked, and the action was tried on 14 March in the absence of the defendant and his counsel.

If these facts show negligence on the part of counsel, it consists in failure to examine a court calendar sent to him as a circular, which frequently finds its way to the waste basket without being read, or because he did not make inquiry as to the status of the action during a period of thirty-three days elapsing between the filing of the reply and the date of the trial, when in the regular course of the docket and in the absence of the order advancing it ahead of other cases, it would not have been reached for trial until six or eight months later. The twelfth and thirteenth findings of fact are:

"That defendant's counsel knew that the civil issue docket of Mecklenburg County was congested, independently of what plaintiff's counsel wrote them; that in the ordinary course it would take about a year from the time action was brought to secure a trial in its regular order. Defendant's counsel were of the impression that plaintiff's counsel had agreed to notify them when the case would be called, but the court finds that there was no such definite agreement.

"This case was placed on the calendar and tried ahead of many other cases on the civil issue docket in this county which were instituted before it was, and if they had been tried in their regular order this case would not have been called for trial until some time later than the last February Term, 1917."

If, however, the negligence of counsel is established, this is not sufficient reason for denying relief to the defendant, since it has been held in numerous cases that the negligence of counsel in the performance of professional duties will not be attributed to the client. *Griel v. Vernon,* 65 N. C., 76; *Bradford v. Coil,* 77 N. C., 76; *Ellington v. Wilker,* 87 N. C., 16; *Gwathney v. Savage,* 101 N. C., 107; *Taylor v. Pope,* 106 N. C., 267; *Gaylor v. Berry,* 169 N. C., 733; *Shirle v. Ins. Co.,* 171 N. C., 431; *Seawell v. L. Co.,* 172 N. C., 325; *Lumber Co. v. Cottingham,* 173 N. C., 328; *Gallins v. Ins. Co.,* 174 N. C., 555.

In the *Cottingham case, Walker, J.,* says: "The distinction between the negligence of counsel while engaged in the performance of a professional duty and the negligence of the party is clearly marked, and the uniform rule with us is that the negligence of the first will not be attributed to the client, if he himself is in no fault; and this is true without regard to the solvency or insolvency of counsel. *Schiele v. Ins. Co.,* 171 N. C., 426." And *Brown, J.,* in the *Gallins case:* "Assuming

33—175

that Hobbs was negligent, the relation of attorney and client existed between Hobbs and defendant. The latter was in no default and will not be held responsible for the negligence of its counsel in failing to perform an act exclusively within the line of his professional duties. The case, we think, falls clearly within the rule laid down in *Seawell v. Lumber Co.,* 171 N. C., 324."

It is true that in nearly all these cases relief was sought against judgments by default on failure to answer, but the same principle prevails now where there has been a verdict, since the amendment of 1893, incorporating "verdict" in the original statute.

We must then inquire as to the conduct of the defendant and see if it is in default.

*Hoke, J.,* says in *Bank v. Palmer,* 153 N. C., 503: "That a party litigant 'who seeks to be excused for laches on the ground of excusable neglect, must show that the counsel employed is one who regularly practices in the court where the litigation is pending or at least one who is entitled to practice therein and was especially engaged to go thither and attend to the case.' *Manning v. R. R.,* 122 N. C., 824."

This requirement has been complied with strictly, as the judge finds: "That immediately after the service of summons on defendant it employed Kenan & Wright, a reputable firm of experienced lawyers, living in Wilmington, N. C., duly licensed to practice law in the State of North Carolina, authorized to practice in the courts of Mecklenburg County, and who, while they did not regularly attend every term of court of Mecklenburg County, had and were then practicing in said court, had other cases, and especially agreed to go to Charlotte and try this case, and do everything that was necessary to protect the defendant's interest."

But the employment of counsel does not excuse the client from proper attention to his case (*Pepper v. Clegg,* 132 N. C., 312), and "the test of the negligence of the client or party is whether he has acted as a man of ordinary prudence while engaged in transacting important business." *Seawell v. L. Co.,* 172 N. C., 325. "The standard of care required of a defendant is that which an ordinarily prudent man bestows upon his important business." *Gaylord v. Berry,* 169 N. C., 733.

The defendant has met this test, and has measured up to the standard.

The judge finds that: "Defendant, after it first employed Kenan & Wright, continually consulted them about the case, asked them time and again if there was any chance of plaintiff securing a judgment without defendant being notified, advised said counsel that it has never been sued before, and did not know what was necessary to do; that said counsel assured defendant that they would attend to the case, and do all things necessary, and that no judgment would be taken against them

without due notice; and defendant relied on the assurances of said counsel, and proceeded to locate the witnesses and arrange for having their depositions taken, and acted in regard to this matter as a reasonably prudent business man would in regard to important business."

In *Ellington v. Wicker,* 87 N. C., 15, the client failed to attend a term of court upon the assurance of counsel that it was not necessary for him to do so, and the Court said: "Surely his absence upon this information was excusable and the judgment entered up a surprise within the meaning of the statute, and no culpable default can be implied to him," and in *Taylor v. Pope,* 106 N. C., 270, a party was relieved of a judgment on the ground of excusable neglect, when he left court relying on the promise of his counsel "to attend to the case."

The facts in these cases show no greater diligence than that of the defendant, nor was there more reason for relying on the assurances of counsel.

Affirmed.